906 So.2d 481 (2005)
Tewabech LEMLEM
v.
James H. ADAMS, III et al.
No. 2004 CA 0281.
Court of Appeal of Louisiana, First Circuit.
February 11, 2005.
*482 David Scott Williams, Baton Rouge, Counsel for Plaintiff/Appellant Tewabech Lemlem.
John C. Jacobs, William C. Helm, Baton Rouge, Counsel for Defendants/Appellees James H. Adams, III and Illinois National Insurance Company.
Gerard T. Morgan, Baton Rouge, Counsel for Defendants/Appellees Wudie Adegehe and State Farm Mutual Automobile Insurance Company.
Before: GUIDRY, GAIDRY, and McCLENDON, JJ.
GUIDRY, J.
Plaintiff appeals a judgment dismissing her personal injury suit as abandoned, contending that she properly requested that all defendants be served and that steps in the prosecution and defense of the suit were made to toll the period of abandonment. For the following reasons, we affirm.

FACTS AND PROCEDURAL HISTORY
On January 26, 1999, plaintiff, Tewabach Lemlem, was involved in a accident when the car in which she was riding as passenger was rear-ended by another vehicle. Plaintiff filed a personal injury suit relative to the accident, naming as defendants: Wudie Adegehe, as the driver and owner of the vehicle in which the plaintiff was riding; State Farm Insurance Company (State Farm),[1] as the liability insurer of the Adegehe vehicle; James H. Adams, III, as the driver of the vehicle that rear-ended the Adegehe vehicle; and Illinois National Insurance Company, as the liability insurer providing coverage for the vehicle driven by Adams.[2] In her petition, plaintiff requested to prosecute her suit without having to furnish payment for court costs in advance or as costs accrued because of her poverty. A motion to proceed in forma pauperis, along with several requests for discovery, was attached to and filed with the petition, but according to a handwritten note on an order attached to the pleadings, the judge did not sign the order because the forma pauperis form was incomplete.
*483 No further action of record occurred in this matter until March 14, 2003, when defendants, Adegehe and State Farm (collectively "State Farm"), filed a "Motion and Order to Dismiss Pursuant to Abandonment." Therein, State Farm asserted that it had never been served with the petition in the subject suit nor had any activity taken place in the subject suit since the plaintiff filed her petition for damages on January 18, 2000; thus, pursuant to La. C.C.P. art. 561, State Farm requested that the trial court issue an ex parte order dismissing the plaintiff's claims against it. The trial court granted State Farm's motion and dismissed the plaintiff's suit, with prejudice, on March 18, 2003.
Thereafter, plaintiff moved to have the trial court recall the order of dismissal and reinstate her suit. In support of her motion, plaintiff alleged that after the trial court denied her request to proceed in forma pauperis, she paid the applicable filing fees and court costs and requested service of citation on State Farm; however, the clerk of court failed to effect service as requested. In a supplemental motion to recall the order of dismissal and reinstate her suit, the plaintiff further alleged that certain discovery requests were propounded and answered during the applicable period, constituting steps taken in the prosecution and defense of the suit and tolling the period of abandonment. Following a hearing on the motion, the trial court granted the motion recalling the order of dismissal and reinstating the plaintiff's suit.
In response to the judgment reinstating the plaintiff's suit, State Farm moved for a new trial. In support of its motion, State Farm again asserted the fact that it had never been served with citation in the subject suit. State Farm further pointed out that the plaintiff's discovery responses were not propounded of the plaintiff nor was any discovery solicited in the subject suit. Instead, State Farm pointed out that Adegehe had filed a separate suit against Adams and Illinois National Insurance Company relative to the January 26, 1999 accident, and that the discovery responses provided by the plaintiff had actually been in response to discovery requests directed to Adegehe only in the other lawsuit. At the hearing on the motion for new trial, the trial court, finding that the defendants in the subject suit had never been served and that no steps had been taken in the prosecution of the suit for over three years, granted the motion for new trial and again dismissed the plaintiff's suit. It is from this judgment that the plaintiff devolutively appeals.

ASSIGNMENTS OF ERROR
In her sole assignment of error, plaintiff asserts that the trial court erred in granting State Farm's motion for new trial and rendering judgment to reinstate the order dismissing her suit.

DISCUSSION
An action is abandoned when the parties fail to take any step in the prosecution or the defense of the action for a period of three years. La. C.C.P. art. 561(A). Article 561 provides that abandonment is self-executing; it occurs automatically upon the passing of three years without a step being taken by either party, and is effective without court order. Clark v. State Farm Mutual Automobile Insurance Company, 00-3010, p. 6 (La.5/15/01), 785 So.2d 779, 784.
Article 561 has been construed as imposing three requirements on plaintiffs. First, plaintiffs must take some "step" towards prosecution of their lawsuit. In this context, a "step" is defined as taking formal action before the court, *484 which is intended to hasten the suit toward judgment, or the taking of a deposition with or without formal notice. Second, the step must be taken in the proceeding and, with the exception of formal discovery, must appear in the record of the suit. Third, the step must be taken within the legislatively prescribed time period of the last step taken by either party. Clark, 00-3010 at 5-6, 785 So.2d at 784.
The jurisprudence has uniformly held that article 561 is to be liberally construed in favor of maintaining a plaintiff's suit. Abandonment is not meant to dismiss actions on mere technicalities, but to dismiss actions that clearly have been abandoned. Clark, 00-3010 at 8-9, 785 So.2d at 785-786.
In the matter before us, the plaintiff contends that by liberally construing article 561 to favor maintenance of her suit, the discovery responses provided by her were sufficient to toll the period of abandonment. We must disagree. No step was taken toward prosecution of the suit that is the subject of this appeal. Responses to discovery propounded to an adverse party in a separate lawsuit submitted by counsel for the adverse party do not constitute a step in the prosecution of this lawsuit.

CONCLUSION
Having reviewed the record and the law governing this matter and considering the arguments of the parties, the judgment is affirmed. All costs of these proceedings are cast to the plaintiff, Tewabech Lemlem.
AFFIRMED.
NOTES
[1] In later pleadings, State Farm correctly identifies itself as State Farm Mutual Automobile Insurance Company.
[2] In her petition, the plaintiff alleged that the vehicle driven by Adams was actually owned by Gregory Lege and was driven by Adams with Lege's full knowledge and consent.