STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

04-1680

RADIOLOGY SPECIALTY GROUP, ET AL.

VERSUS

NATIONAL UNION FIRE INSURANCE COMPANY, ET AL.

**********
SUPERVISORY WRIT FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 96-C-1963-A
HONORABLE AARON FRANK MCGEE, DISTRICT JUDGE
**********

GLENN B. GREMILLION
JUDGE

**********

Court composed of Glenn B. Gremillion, J. David Painter, and James T. Genovese, Judges.

WRIT GRANTED AND MADE
PEREMPTORY.

Sherman Stanford
P. O. Box 1237
Opelousas, LA 70571
(337) 948-4113
Counsel for Plaintiffs/Appellees:
       Savoy Medical Center
       Acadian Ambulance Service, Inc.
       Doctors Hospital of Opelousas
       Opelousas General Hospital
       Dr. Kerry Thibodeaux
       St. Landry Radiology
       Anesthesia Associates of Opelousas
       Opelousas Radiology
       Moosa Memorial Hospital
       Radiology Specialty Group

**Ronald E. Corkern, Jr.**
**Corkern & Crews, L.L.C.**
**P. O. Box 1036**
**Natchitoches, LA 71458-1036**
**(318) 352-2302**
**Counsel for Defendants/Appellants:**
      **National Union Fire Ins. Co.**
      **Transcor America, Inc.**
      **Corrections Corporation of America**
      **William C. Hill**
      **Jack May**
      **John Ziad**
      **William McRae**

GREMILLION, Judge.

We granted a writ in this matter to determine whether the trial court erred in denying a motion by the defendants, National Union Fire Insurance Company, Transcor America, Inc., Corrections Corporation of America, William C. Hill, Jack May, John Ziad, and William McRae (defendants), to dismiss the plaintiffs' suit as a result of abandonment through three years of inaction. For the following reasons, we grant the writ and reverse the trial court's judgment, and render judgment in favor of defendants.

**FACTS**

On May 14, 1996, plaintiffs[1] filed an Original Petition on Open Account, in Tort and/or Contract against the defendants seeking the payment of medical expenses and attorney's fees resulting from a May 14, 1995 automobile accident in St. Landry Parish, Louisiana. On August 4, 2000, defendants filed an Ex Parte Motion to Dismiss Suit on Grounds of Abandonment. In a July 2, 2001 affidavit, counsel for defendants stated that the plaintiffs' suit was filed on May 14, 1996, but that plaintiffs failed to request service on defendants until June 2, 2000. He further stated that no formal discovery had been conducted, nor had any other steps been taken by plaintiffs in furtherance of the matter's prosecution between May 14, 1996 and June 2, 2000.

During the hearing on the motion, plaintiffs introduced into the record a June 5, 1997 deposition of Dr. Kerry Thibodeaux, arguing that the deposition

---

[1] The plaintiffs in this matter are Opelousas General Hospital, Dr. Kerry Thibodeaux, St. Landry Radiology, Anesthesia Associates of Opelousas, Acadian Ambulance Service, Inc., Doctor's Hospital of Opelousas, Opelousas Radiology, Moosa Memorial Hospital, Radiology Specialty Group, and Savoy Medical Center.

1

constituted a step in the prosecution of the lawsuit. This deposition represented discovery taken for a lawsuit filed in the United States District Court, Western District of Louisiana, Lafayette-Opelousas Division: "*James E. Bland and Caren Bland v. Corrections Corp. of America, John Doe & XYZ Insurance Company.*" At the conclusion of the hearing, the trial court held that the deposition served as formal discovery in this lawsuit, as many of the same parties were involved in both cases and the deposition arose from the same automobile accident as the present lawsuit. Accordingly, the trial court denied defendants' motion to dismiss. A judgment was rendered in this matter on November 29, 2004. At that time, defendants applied for supervisory writs. On March 16, 2005, we granted the writ and stayed all proceedings in this matter pending our review of the trial court's judgment.

## ABANDONMENT

Abandonment of an action is controlled by La.Code Civ.P. art. 561, which states, in part:

A.  (1) An action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years, unless it is a succession proceeding . . .

(2) This provision shall be operative without formal order, but, on ex parte motion of any party or other interested person by affidavit which provides that no step has been taken for a period of three years in the prosecution or defense of the action, the trial court shall enter a formal order of dismissal as of the date of its abandonment. . . .

. . . .

B.  Any formal discovery as authorized by this Code and served on all parties whether or not filed of record, including the taking of a deposition with or without formal notice, shall be deemed to be a step in the prosecution or defense of an action.

2

Pursuant to Article 561, three requirements are imposed on plaintiffs:

First, plaintiffs must take some "step" towards prosecution of their lawsuit. In this context, a "step" is defined as taking formal action before the court which is intended to hasten the suit toward judgment, or the taking of a deposition with or without formal notice. Second, the step must be taken *in the proceeding* and, with the exception of formal discovery, must appear in the record of the suit. Third, the step must be taken within the legislatively prescribed time period of the last step taken by *either party*; sufficient action by either plaintiff or defendant will be deemed a step.

*Clark v. State Farm Mut. Auto. Ins. Co.*, 00-3010, p. 6 (La. 5/15/01), 785 So.2d 779, 784 (emphasis added).

In *Lemlem v. Adams*, 04-281 (La.App. 1 Cir. 2/11/05), 906 So.2d 481, the first circuit held that responses to interrogatories propounded by plaintiff to an adverse party in a separate lawsuit did not count as steps taken in furtherance of the prosecution of the lawsuit before the trial court. We agree with this reasoning. In this instance, the deposition of Dr. Thibodeaux was not taken in furtherance of this proceeding, but, rather, was taken in furtherance of the federal lawsuit. Finding the record devoid of any action taken in furtherance of the prosecution *in the proceeding* of this suit within the three years proscribed by Article 561, we reverse the judgment of the trial court. Accordingly, we render judgment in favor of the defendants finding that plaintiffs' suit has been abandoned pursuant to Article 561.

## CONCLUSION

For the foregoing reasons, we reverse the judgment of the trial court and render judgment in favor of the defendants finding that plaintiffs' lawsuit has been abandoned pursuant to La.Code Civ.P. art. 561. The costs of this matter are assessed to the plaintiffs-appellees, Opelousas General Hospital, Dr. Kerry Thibodeaux, St.

3

Landry Radiology, Anesthesia Associates of Opelousas, Acadian Ambulance Service, Inc., Doctor's Hospital of Opelousas, Opelousas Radiology, Moosa Memorial Hospital, Radiology Specialty Group, and Savoy Medical Center.

**WRIT GRANTED AND MADE PEREMPTORY.**

4