HUGHES, J.
 

 |2This is an appeal from a trial court judgment dismissing an action on grounds of abandonment. For the reasons that follow, we affirm.
 

 FACTS AND PROCEDURAL HISTORY
 

 On December 2, 2003, plaintiff Cheryl Brown, M.D. filed a “Petition for Writ of Mandamus/Suit for Accounting and Damages” in the 22nd Judicial District Court, alleging: a one-third ownership interest in the defendant partnership, Kidney and Hypertension Associates, L.L.P. (Associates), the failure of Associates to make monetary distributions to her in accordance with her ownership interest, the refusal of Associates to provide financial records for her review, and resulting damages. Dr. Brown sought injunctive relief to compel Associates to comply with obli
 
 *261
 
 gations associated with the partnership agreement and an award of damages.
 

 On February 5, 2004, Associates responded to the suit, filing exceptions of no cause of action and unauthorized use of a summary proceeding, further answering in denial of Dr. Brown’s allegations, and filing a reconventional demand asserting a damage claim for Dr. Brown’s alleged breach of her employment contract. In these pleadings, Associates admitted that an offer of partnership had been extended to Dr. Brown in June 2003, however, it was asserted that she had never accepted the offer and the articles of partnership had not been amended.
 

 Thereafter, on April 20, 2004, Dr. Brown responded with an “Opposition to ‘Exceptions.’ ” Then, on April 26, 2004, Associates filed a “Reply Memorandum in Opposition to Plaintiffs Opposition to Exception.”
 

 No further filings appear in the trial court record until April 27, 2007, when Dr. Brown filed, by facsimile, a motion to consolidate the action with three other lawsuits pending before the trial court on related matters (the 13court received the original signed document on May 1, 2007 in accordance with LSA-R.S.
 
 13:850
 

 [1]
 

 ).
 

 On May 15, 2007, Associates filed an “Ex Parte Motion to Dismiss on Grounds of Abandonment,” asserting that Dr. Brown had taken no step in the prosecution of the lawsuit since April 26, 2004 and that by operation of LSA-C.C.P. art. 561, the suit was abandoned. Following an August 17, 2007 hearing on the motion, the trial court signed a judgment on September 11, 2007 in favor of the defendant, dismissing the plaintiffs suit.
 

 Dr. Brown has appealed this judgment, and on appeal urges the following assignments of error:
 

 1. Evidence exists that demonstrates prosecution of this matter occurred within the statutory three year period.
 

 2. The trial court failed to properly recognize evidence of activity that occurred outside of the Court’s docket/record.
 

 3. The trial court failed to recognize the delays to prosecute this claim due to the effects of Hurricane Katrina.
 

 4. Evidence exists that demonstrates prosecution of this matter occurred within the statutory five year period as a result of the effects of Hurricane Katrina.
 

 Additionally, on appeal, Dr. Brown filed a motion to remand asserting that “on or
 
 *262
 
 about April 19,
 
 2008”
 
 her counsel discovered additional evidence |4“that demonstrated that activity did occur within a three year period” and requesting this court to remand for admission and consideration of this evidence by the trial court.
 

 LAW AND ANALYSIS
 

 In support of its finding of abandonment, the trial court issued written reasons for judgment in this case, which stated in pertinent part as follows:
 

 Defendant argues that this case is abandoned pursuant to Louisiana Code of Civil Procedure Article 561 because no step in the prosecution or defense of this matter has been taken since April 26, 2004. On that date, the defendant filed a reply memorandum in opposition to plaintiffs opposition to exceptions. Defendant argues that the next action in the case occurred on April 27, 2007 when plaintiff filed by facsimile a Motion and Order to Consolidate. If this contention is correct, clearly, the three year period has run.[
 
 2
 
 ]
 

 Plaintiff argues that the case is not abandoned because discovery has been, on-going in this case and in other
 
 separate
 
 cases involving the same parties but pending in different divisions of the 22nd Judicial District Court. Further, plaintiff submitted to the Court a copy of discovery along with a copy of a cover letter dated August 15, 2004 and addressed to defendant’s counsel. Unfortunately, neither the letter nor the discovery was filed into the record. This discovery does not bear a certificate of service indicating the date upon which it was mailed to defense counsel. The signature of plaintiffs counsel does not appear on the copies of the letter or the discovery. Faced with these inadequacies, the Court rejects the plaintiffs argument that the date of August 15, 2004 is the date upon which the abandonment period should commence.
 

 The Court’s review of the record in this matter demonstrates that a reply memorandum was filed by defense counsel on April 26, 2004. Defendant’s exception was set for hearing on April 27, 2004. However, the record reflects that there was no appearance by counsel in court on April 27, 2004, and the hearing was continued without date. The jurisprudence indicates that an unopposed motion to continue without date is not a step in the prosecution. See
 
 Oliver v. Oliver,
 
 671 So.2d 1081 (La.App. 3 Cir. 1996). The next action of record in the case occurred on April 27, 2007 when plaintiffs counsel filed by facsimile a Motion and Order to Consolidate, a clear step in the prosecution. A certificate of service bearing the date of April 27, 2007 appears on this motion.
 

 |,BLouisiana Code of Civil Procedure article 561 provides that a plaintiff must take some “step” towards the prosecution of his or her lawsuit. A “step” is defined as taking formal action before the court which is intended to hasten the suit toward judgment, or the taking of a deposition with or without formal notice. Next, the step must be taken in the proceeding and, with the exception of formal discovery, must appear in the record of the suit. Lastly, the step must be taken within the legislatively pre
 
 *263
 
 scribed time period of the last step taken by either party (8 years). See
 
 Clark v. State Farm Mutual Auto. Insurance Company, 785
 
 So.2d 779, 784 (La.5/15/01).
 

 After considering the law, the record in this matter, the arguments of counsel, and the memoranda filed by the parties, this Court finds that the three year abandonment period commenced on April 26, 2004 by the filing of the defendant’s reply memorandum. Therefore, the plaintiff should have taken a step in the prosecution of this action by April 26, 2007. The next step actually taken was on April 27, 2007 when plaintiff filed by facsimile the Motion and Order to Consolidate. The Court therefore finds that more than three years lapsed without a step in the prosecution, and the case is therefore abandoned....
 

 * * *
 

 Furthermore, the Court recognizes that an action which may be otherwise abandoned may be insusceptible to a claim of abandonment “when the defendant waives his right to assert abandonment by taking action inconsistent with an intent to treat the case as abandoned.”
 
 Id.
 
 at 785. Plaintiff argues that the discovery being conducted in other cases not consolidated with this case are actions by the defendant which have waived defendant’s right to assert abandonment. While steps in the other cases cited by plaintiffs counsel may have served as a step in this case, had there been some written agreement to consolidate discovery, consolidate the cases, or even to use the discovery in all cases, no such evidence has been presented to the Court....
 

 On denying Dr. Brown’s motion for new trial, the trial court issued the following additional reasons for finding this suit abandoned:
 

 On November 5, 2007, the Court received a faxed letter from defense counsel Stephen Marx wherein he stated that he again reviewed his file and did not find any indication that he received a letter or any document from plaintiffs counsel at or around August 15, 2004. Mr. Marx also attached to his letter a copy of a letter dated April 27, 2004 which he received from plaintiffs counsel. The Court has reviewed this letter of April 2004 and finds that it does not offer any additional information which is relevant to the issue of abandonment. The letter references a continuation of defendant’s exceptions (which is clearly not a step in the prosecution of the action), a status conference which apparently was never scheduled or conducted, and it contains a statement that additional pleadings | (¡would be filed later in the week. Consequently, the Court finds that the letter is not a step in the prosecution of the matter and does not interrupt the abandonment period which had commenced, as already found by this Court, on April 26, 2004.
 

 Further, at the hearing on October 31, 2007, plaintiffs counsel stipulated that he had no further evidence to offer to the court. However, in memorandum, plaintiff makes two arguments.
 

 Plaintiffs first argument is that a Request for Production of Documents was attached to counsel’s unsigned letter of August 15, 2004. As discussed extensively in this Court’s prior reasons for judgment, this document is also unsigned and has no certificate of service. Plaintiffs counsel did not produce the original discovery request in support of his motion for rehearing but explained that his office practice is to sign and mail original pleadings and retain unsigned copies in his file. Plaintiffs
 
 *264
 
 counsel has failed to offer any evidence or proof that the letter and discovery request were mailed or served upon defense counsel. Although Louisiana jurisprudence has established that discovery does not have to be filed in the record of the proceeding, plaintiff must prove or demonstrate that the discovery was in fact forwarded to opposing counsel. Because the discovery document is unsigned, lacks a certificate of service, and was not received by the defendant, the document is insufficient to prove that a step to interrupt abandonment was taken in the prosecution of this matter.
 

 Plaintiffs second argument is that counsel’s practice suffered from the effects of Hurricane Katrina and cites Louisiana Code of Civil Procedure Article 561(A)(2) as support for his argument that the matter is not abandoned. Louisiana Code of Civil Procedure Article 561(A)(2) provides in pertinent part as follows:
 

 “If a party whose action is declared or claimed to be abandoned proves that the failure to take a step in the prosecution or defense in the trial court or the failure to take any step in the prosecution or disposition of an appeal
 
 was caused by or was a direct result of Hurricane Katrina or Rita,
 
 an action originally initiated by the filing of a pleading prior to August 26, 2005, which has not previously been abandoned in accordance with the provisions of Subparagraph (1) of this Paragraph, is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of five years, unless it is a succession proceeding ...” (Emphasis added.)
 

 In his memorandum, counsel submits that not all of his legal files were lost nor was the ability to practice law so severely [affected] to put him out of business. The Court finds that counsel did not demonstrate in a specific manner how the hurricanes prevented plaintiff from taking a step in the prosecution of
 
 this
 
 particular matter. Instead, counsel only made general references to the overall effects of the hurricanes |7which were experienced in some form or the other by all who practice law.
 

 For the reasons set forth above and those previously enumerated in its prior Reasons for Judgment, this Court finds that the matter is abandoned.
 

 Whether or not a step in the prosecution of a case has been taken in the trial court for a period of three years is a question of fact subject to a manifest error analysis on appeal.
 
 Lyons v. Dohman,
 
 2007-0053, p. 4 (La.App. 3 Cir. 5/30/07), 958 So.2d 771, 774 (citing
 
 Bias v. Vincent,
 
 2002-642, p. 5 (La.App. 3 Cir. 12/11/02), 832 So.2d 1153, 1156-57,
 
 writ denied,
 
 2003-0112 (La.3/21/03), 840 So.2d 542). On the other hand, whether a particular act, if proven, precludes abandonment is a question of law that we review by simply determining whether the trial court’s interpretative decision is correct.
 
 Id.
 
 (citing
 
 Jackson v. BASF Corporation,
 
 2004-2777, p. 3 (La.App. 1 Cir. 11/4/05), 927 So.2d 412, 415,
 
 writ denied,
 
 2005-2444 (La.3/24/06), 925 So.2d 1231, and
 
 Olavarrieta v. St. Pierre,
 
 2004-1566, p. 3 (La.App. 4 Cir. 5/11/05), 902 So.2d 566, 568,
 
 writ denied,
 
 2005-1557 (La.12/16/05), 917 So.2d 1118).
 

 Abandonment is both historically and theoretically a form of liberative prescription that exists independent from the prescription that governs the underlying substantive claim.
 
 Clark v. State Farm Mutual Automobile Insurance Company,
 
 2000-3010, p. 11 (La.5/15/01), 785 So.2d 779, 787. The policy underlying Article 561 is the prevention of protracted litiga
 
 *265
 
 tion that is filed for purposes of harassment or without a serious intent to hasten the claim to judgment.
 
 See Chevron Oil Company v. Traigle,
 
 436 So.2d 530, 532 (La.1983).
 

 Abandonment is not a punitive measure; it is designed to discourage frivolous lawsuits by preventing plaintiffs from letting them linger indefinitely.
 
 Benjamin-Jenkins v. Lawson,
 
 2000-0958, p. 3 (La.App. 4 Cir. 3/7/01), 781 So.2d 893, 895,
 
 writ denied,
 
 2001-1546 (La.9/14/01), 796 So.2d 681.
 

 Dismissal of a lawsuit is the harshest of remedies. The law favors and justice requires that an action be maintained whenever possible so that the aggrieved party has his day in court to which he is entitled. Any action or step taken in a case to move the case toward judgment should be considered. Dismissal of those cases in which the plaintiff has clearly demonstrated before the court during the prescribed period that he does not intend to abandon his lawsuit is not warranted.
 
 Breaux v. Auto Zone, Inc.,
 
 2000-1534, p. 3 (La.App. 1 Cir. 12/15/00), 787 So.2d 322, 324,
 
 writ denied,
 
 2001-0172 (La.3/16/01), 787 So.2d 316.
 

 Nevertheless, the mere intention to take a step in the prosecution or defense of a claim without having actually taken such a step is insufficient to interrupt the abandonment period.
 
 Benjamin-Jenkins v. Lawson,
 
 2000-0958 at p. 4, 781 So.2d at 895. Moreover, no post-abandonment action(s) by a plaintiff can revive an abandoned action.
 
 Clark v. State Farm Mutual Automobile Insurance Company,
 
 2000-3010 at p. 15, 785 So.2d at 789.
 

 Louisiana Code of Civil Procedure Article 561 governs abandonment and currently provides, in pertinent part:
 

 A. (1) An action, except as provided in Subparagraph (2) of this Paragraph, is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years....
 

 (2) If a party whose action is declared or claimed to be abandoned proves that the failure to take a step in the prosecution or defense in the trial court or the failure to take any step in the prosecution or disposition of an appeal was caused by or was a direct result of Hurricane Katrina or Rita, an action originally initiated by the filing of a pleading prior to August 26, 2005, which has not previously been abandoned in accordance with the provisions of Subpara-graph (1) of this Paragraph, is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of five years....
 

 |8(3) This provision shall be operative without formal order, but, on ex parte motion of any party or other interested person by affidavit which provides that no step has been timely taken in the prosecution or defense of the action, the trial court shall enter a formal order of dismissal as of the date of its abandonment. The sheriff shall serve the order in the manner provided in Article 1314, and shall execute a return pursuant to Article 1292.
 

 * * *
 

 (6) The provisions of Subparagraph (2) of this Paragraph shall become null and void on August 26, 2010.
 

 B. Any formal discovery as authorized by this Code and served on all parties whether or not filed of record, including the taking of a deposition with or without formal notice, shall be deemed to be a step in the prosecution or defense of an action.
 

 
 *266
 
 * * *
 

 To prevent abandonment, LSA-C.C.P. art. 561 imposes three requirements on plaintiffs. First, plaintiffs must take some “step” towards prosecution of their lawsuit. A “step” is a formal action before the court that is intended to hasten the suit towards judgment, or is the taking of formal discovery.
 
 [3]
 
 Second, the “step” must be taken in the court where the suit is pending, and except for formal discovery, must appear in the suit record. Third, the “step” must be taken within the legislatively prescribed time period.
 
 Jackson v. BASF Corporation,
 
 2004-2777 at pp. 4-5, 927 So.2d at 416.
 
 See also Breaux v. Auto Zone, Inc.,
 
 2000-1534 at p. 3, 787 So.2d at 324.
 

 Any formal discovery in a case is considered a step in the prosecution, whether or not filed in the record, provided it has been served on all parties.
 
 Brister v. Manville Forest Products,
 
 32,386, p. 4 (La.App. 2 Cir. 12/15/99), 749 So.2d 881, 884. This requirement of service is in keeping with the concept of notice, which the supreme court recently explained is intended to ensure notice to the defendant of actions taken that interrupt abandonment; otherwise, actions interrupting abandonment could occur without opposing parties formally learning of them for months or years, to their possible prejudice. Pat
 
 ernostro v. Falgoust,
 
 2003-2214, pp. 6-7 (La.App. 1 Cir. 9/17/04), 897 So.2d 19, 23,
 
 writ denied,
 
 2004-2524 (La.12/17/04), 888 So.2d 870 (citing
 
 Clark v. State Farm Mutual Automobile Insurance Company,
 
 2000-3010 at p. 17, 785 So.2d at 790). However, if a party has properly mailed a discovery request to another party, the failure to file a certificate of service in the record does not render the service ineffective; such service still constitutes a step in the prosecution and averts a dismissal for abandonment.
 
 See Brister v. Manville Forest Products,
 
 32,386 at p. 4, 749 So.2d at 884.
 

 In the instant case, the plaintiff alleges that he served the defendant with discovery during the pertinent time period, which prevented the case from being abandoned; however, no proof of service of that discovery appears in the record. In conjunction with his motion for abandonment, defense counsel filed an affidavit into the record stating that he had not received anything “by mail, facsimile or otherwise which might be construed as an action in the prosecution or defense of this case since April 26, 2004.”
 

 In response to the motion for abandonment filed by defendant in the trial court, plaintiffs counsel filed a copy of a letter on August 29, 2007, which was dated August 15, 2004 and had an attached request for production of documents, which had allegedly been sent to defense counsel. The documents filed contained no certificate of service and were unsigned. Plaintiffs counsel admitted to the court, during oral argument of the matter, | tl“I cannot prove
 
 *267
 
 that I mailed it.” In light of this admission and the defendant’s denial that the August 15, 2004 discovery request was received, the trial court ruled that Dr. Brown failed to prove that the discovery request had actually been served on the defendant. After a thorough review of the record, we can find no error in this ruling.
 

 Dr. Brown contends on appeal that the evidence “clearly demonstrated that defense counsel did, in fact,
 
 have contact
 
 with undersigned counsel during the three year period.” (Emphasis added.) In support of this contention, Dr. Brown cites both a letter dated April 27, 2004,
 
 [4]
 
 which was allegedly faxed to defense counsel, and other activities associated with a proceeding pending before the Louisiana Office of Disciplinary Counsel (ODC) brought by Dr. Brown’s husband (Robert Tilgham) against defense counsel’s law firm.
 

 We find no merit in this argument, as it is clear from a plain reading of LSA-C.C.P. art 561 that mere “contact” with opposing counsel is insufficient to prevent abandonment of an action. A litigant must take some “step” in the prosecution or defense of the case in the trial court that hastens |12the case toward judgment.
 
 See Lemlem v. Adams,
 
 2004-0281, p. 4 (La.App. 1 Cir. 2/11/05), 906 So.2d 481, 488-84;
 
 Breaux v. Auto Zone, Inc.,
 
 2000-1534 at p. 3, 787 So.2d at 324. Neither the action by Dr. Brown’s husband before the ODC, nor the simple correspondence between opposing counsel in this case constitute a “step” in the prosecution of
 
 this
 
 case. Steps taken in a
 
 separate
 
 action do not satisfy Article 561’s requirements, and an informal letter requesting cooperation in moving a case forward cannot be construed as formal discovery; both are insufficient to prevent abandonment.
 
 See Lemlem v. Adams,
 
 2004-0281 at p. 5, 906 So.2d at 484, and
 
 Naccari v. Namer,
 
 2001-2410, p. 5 (La.App. 4 Cir. 2/6/02), 809 So.2d 1157, 1160.
 
 [5]
 

 
 *268
 
 Next, Dr. Brown contends on appeal that the effects of Hurricane Katrina call for application of Paragraph (A)(2) of LSA-C.C.P. art. 561, providing for a five year abandonment period, in this case. Paragraph (A)(2) states that “if’ a party “proves” that the failure to take a step in the prosecution or defense of an action “was caused by” or was “a direct result” of Hurricane Katrina or Rita, the action is not abandoned until a period of five years from the failure to take a step in the prosecution or defense of the action.
 

 A review of the record presented on appeal reveals that counsel for Dr. Brown made no allegation or argument regarding the effects of Hurricane Katrina in either his written opposition to defendant’s motion for dismissal on account of abandonment, his written motion for new trial, or at either hearing held before the trial court. It was not until a “Supplemental | ^Memorandum in Opposition to Motion to Dismiss/Post-Hearing Memorandum in Opposition to Motion to Dismiss” was filed that counsel for Dr. Brown first presented his assertion that his law practice had been affected by the effects of Hurricane Katrina. The trial court, in his written reasons (quoted in full hereinabove), found no merit in this argument, stating that counsel “did not demonstrate in a specific manner how the hurricanes prevented plaintiff from taking a step in the prosecution of
 
 this
 
 particular matter.”
 

 Mere allegations of being affected by Hurricanes Katrina or Rita are insufficient to sustain the burden of proof under LSA-C.C.P. art. 561(A)(2).
 
 Lambert v. Roussel,
 
 2007-1109, p. 9 (La.App. 1 Cir. 5/2/08), 991 So.2d 8, 13,
 
 writ denied,
 
 2008-1193 (La.9/19/08), 992 So.2d 933. In this case, the trial court record contains only the allegations of Dr. Brown’s counsel that his law practice was affected by Hurricane Katrina; no evidence of these assertions was introduced into the record as required by LSA-C.C.P. art. 561(A)(2). Therefore, Dr. Brown has not established entitlement to the longer period of abandonment provided by LSA-C.C.P. art. 561(A)(2).
 
 See Liner v. Ippolito,
 
 2008-0208, pp. 4-8 (La. App. 4 Cir. 8/20/08), 991 So.2d 1150, 1153-55;
 
 Fontenot v. Tidewater, Inc.,
 
 2008-0180, pp. 2-3(La.App. 4 Cir. 7/30/08), 990 So.2d 1280, 1282.
 

 Dr. Brown has also filed a motion for remand in this court, asserting that new evidence has been discovered after the instant appeal was taken that “demonstrated that activity did occur within a three year period.” Dr. Brown asserts that proof has been located to establish that the correspondence from her counsel to defense counsel on April 27, 2004 was in fact transmitted by facsimile. Dr. Brown also asserts that additional evidence regarding the action brought before the Office of Disciplinary Counsel has been 114discovered. Further, Dr. Brown requests this court to remand to allow the introduction into evidence of her counsel’s affidavit recounting how Hurricane Katrina’s effects hindered the discovery of these items of evidence.
 

 As discussed hereinabove, we have concluded that activities related to the ODC action and the April 27, 2004 correspondence between counsel, while they may have evidenced “contact” between the parties, are insufficient to satisfy the requirements of LSA-C.C. art. 561, requiring a litigant to take some “step” in the prosecution or defense of the case in the trial court that hastens the case toward judgment.
 
 See Lemlem v. Adams,
 
 2004-0281 at p. 4, 906 So.2d at 483-84;
 
 Breaux v. Auto Zone, Inc.,
 
 2000-1534 at p. 3, 787 So.2d at 324. Therefore, we also conclude
 
 *269
 
 that the introduction of evidence to prove this “contact”, which does not also constitute a “step” in the prosecution of this action, would not be relevant to the merits of the issue of an Article 561 abandonment. Accordingly, we find no merit in Dr. Brown’s motion for remand.
 

 CONCLUSION
 

 For the reasons assigned herein, we deny the motion to remand and affirm the judgment of the trial court; all costs of this proceeding are to be borne by plaintiff/appellant, Cheryl Brown, M.D.
 

 MOTION TO REMAND DENIED; JUDGMENT AFFIRMED.
 

 [1]
 

 . The facsimile filing of a pleading in a civil action has the same force and effect as the original when the requirements of LSA-R.S. 13:850 have been met; this statute provides:
 

 A. Any paper in a civil action may be filed with the court by facsimile transmission. All clerks of court shall make available for their use equipment to accommodate facsimile filing in civil actions. Filing shall be deemed complete at the time that the facsimile transmission is received and a receipt of transmission has been transmitted to the sender by the clerk of court. The facsimile when filed has the same force and effect as the original.
 

 B. Within five days, exclusive of legal holidays, after the clerk of court has received the transmission, the party filing the document shall forward the following to the clerk:
 

 (1) The original signed document.
 

 (2) The applicable filing fee, if any.
 

 (3) A transmission fee of five dollars.
 

 C. If the party fails to comply with the requirements of Subsection B, the facsimile filing shall have no force or effect. The various district courts may provide by court rule for other matters related to filings by facsimile transmission.
 

 D. The clerk may purchase equipment and supplies necessary to accommodate facsimile filings out of the clerk’s salary fund.
 

 [2]
 

 . In computing a period of time allowed or prescribed by law or by order of court, the date of the act, event, or default after which the period begins to run is not to be included. The last day of the period is to be included, unless it is a legal holiday, in which event the period runs until the end of the next day that is not a legal holiday. LSA-C.C.P. art. 5059. Applying Article 5059 to the instant case, results in April 26, 2007 being the last day of the three-year period for taking some step in the prosecution or defense of this matter.
 

 [3]
 

 . The only other categories of causes outside the record that satisfy the jurisprudential exceptions to the abandonment rule are: (1) a plaintiff-oriented exception, based upon contra non valentem, that applies when failure to prosecute is caused by circumstances beyond the plaintiff’s control: and (2) a defense-oriented exception based upon acknowledgement that applies when the defendant waives his right to assert abandonment by taking actions inconsistent with intent to treat the case as abandoned.
 
 Jackson v. BASF Corporation,
 
 2004-2777 at p. 5, 927 So.2d at 416. (In cases where the exceptional circumstances giving rise to a contra non valentem argument arise as a result of Hurricanes Katrina or Rita, the specific legislation found in LSA-R.S. 9:5822, LSA-R.S. 9:5824, [and LSA-C.C.P. art. 561(A)(2)] supercedes the general jurisprudential exception.
 
 Harris v. Stogner,
 
 2007-1451, pp. 2-3 (La.11/9/07), 967 So.2d 1151, 1152.)
 

 [4]
 

 . The April 27, 2004 letter does not appear in the trial court record, but is attached to plaintiffs motion before this court for remand, discussed hereinbelow, and states:
 

 This letter shall confirm our discussion yesterday afternoon. If anything is incorrect, please advise in writing.
 

 First, the Rule on your Exceptions is being continued. As promised, I have already contacted the Court twice not only to inform it of the continuance, but I have attempted to obtain new dates for a reset of those Exceptions. I am waiting for [their] return call.
 

 Second, I have also asked for an immediate status conference at which we are to discuss our anticipated Motion to Remove your firm as counsel. As stated before, your partner is expected to be a material witness in this case.
 

 Third, additional pleadings are expected to be filed this week after I meet with and verify pleadings with Dr. Brown and Creighton.
 

 Last and again as usual, I understood that you had agreed to resolve a number of other issues, but it appears that your intentions and promises are not forthcoming. Your client still refuses to remove my client’s name from his plate-glass window. Your client continues to interfere with patient files. Your client still continues to interfere with patient referrals. Your client may now have interfered with other accounts and credit. Because I have never heard from you and since this is at least the sixth time I have contacted you about this series of problems, I shall assume that neither you, your firm nor your client will make any attempt to resolve these on-going issues. My clients will be so advised.
 

 [5]
 

 . In
 
 Naccari,
 
 the letter at issue simply informed the plaintiffs that they needed to respond more fully to previously submitted discovery requests, and contained no suggestion the letter was formally seeking to compel answers to the discovery request. Rather, it appeared to be an informal, as opposed to a formal request for cooperation in moving the case forward. The mailing of informal correspondence cannot be construed as formal discovery and is insufficient to prevent abandonment or interruption of prescription.
 
 Naccari
 
 
 *268
 

 v. Namer,
 
 2001-2410 at pp. 4-5, 809 So.2d at 1160.