**NOT DESIGNATED FOR PUBLICATION**

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2021 CA 0148

SYLVIA ELLIS

VERSUS

LOUISIANA CASINO CRUISES, INC. d/b/a HOLLYWOOD CASINO BATON
ROUGE AND HELMSMAN MANAGEMENT SERVICES, LLC

Judgment Rendered: **OCT 1 8 2021**

* * * * *

On Appeal from the
Nineteenth Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Trial Court No. 621078

The Honorable William A. Morvant, Judge Presiding

* * * * *

Tiffany Myles Crosby                    Attorney for Plaintiff/Appellant
Plaquemine, Louisiana                   Sylvia Ellis

John S. Campbell III                    Attorney for Defendant/Appellee
Baton Rouge, Louisiana                  Louisiana Casino Cruises, Inc. d/b/a
                                        Hollywood Casino Baton Rouge

* * * * *

BEFORE:   WHIPPLE, CJ., PENZATO, AND HESTER, JJ.

**PENZATO, J.**

The plaintiff, Sylvia Ellis, appeals the trial court's judgment denying her motion to set aside a judgment of dismissal on grounds of abandonment and dismissing her claims without prejudice. For the reasons that follow, we affirm the trial court's judgment.

## FACTS AND PROCEDURAL HISTORY

On April 30, 2013, Ms. Ellis filed a petition for damages against Louisiana Casino Cruises, Inc. d/b/a Hollywood Casino Baton Rouge (Hollywood Casino) and Helmsman Management Services, LLC, (Helmsman), alleging she was injured in a slip and fall accident. After Hollywood Casino answered the petition, Ms. Ellis filed a motion to voluntarily dismiss Helmsman, which was granted by the trial court on June 12, 2013. The next pleading filed in the record is a motion and order for status conference, which was filed by Ms. Ellis on September 1, 2017. While a status conference was set for October 4, 2017, it does not appear from the record that such conference took place. Thereafter, on May 22, 2020, Ms. Ellis filed another motion and order for status conference, and a telephone status conference was held on September 1, 2020.

On September 11, 2020, Hollywood Casino filed an *Ex Parte* Motion to Dismiss on Grounds of Abandonment. Hollywood Casino attached an affidavit of its counsel, asserting that for over three years, beginning on February 14, 2014, no pleadings were filed into the record and no discovery was received or served by Hollywood Casino. Although not contained in the record, Hollywood Casino asserts that Ms. Ellis's deposition, taken on February 14, 2014, was the last step in the prosecution of the case. Hollywood Casino's counsel also stated in his affidavit that he received an email from Ms. Ellis's counsel on October 19, 2017, but not before that date, containing a letter and medical authorizations dated July of 2015. On

2

September 16, 2020, the trial court signed an *Ex Parte* Order of Dismissal, stating that the matter was abandoned as of February 15, 2017.

After the judgment of dismissal was signed, on September 18, 2020, Ms. Ellis filed a pleading entitled Opposition to *Ex Parte* Motion to Dismiss on Grounds of Abandonment (Opposition to Motion to Dismiss), attaching a letter dated July 30, 2015, addressed to Hollywood Casino's counsel from Ms. Ellis's counsel forwarding medical authorizations dated July 30, 2015, as well as several emails. Also on September 18, 2020, Ms. Ellis filed a pleading entitled Motion and Order to Set Aside Order of Dismissal Opposition to *Ex Parte* Motion to Dismiss on Grounds of Abandonment (Motion to Set Aside Order of Dismissal), which Hollywood Casino opposed.[1] A hearing was held on December 14, 2020, and Ms. Ellis stated that she was introducing the exhibits that were filed with her Motion to Set Aside Order of Dismissal.[2] The trial court denied the Motion to Set Aside Order of Dismissal and signed a judgment in accordance with its oral ruling on December 22, 2020. It is from this judgment that Ms. Ellis appeals.

## APPLICABLE LAW

Louisiana Code of Civil Procedure article 561 governs abandonment of cases, providing, in pertinent part:

> A. (1) An action, except as provided in Subparagraph (2) of this Paragraph, is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years[.]
> ***
> (3) This provision shall be operative without formal order, but, on ex parte motion of any party or other interested person by affidavit which provides that no step has been timely taken in the prosecution or defense of the action, the trial court shall enter a formal order of dismissal as of the date of its abandonment. The sheriff shall serve

---

[1] At the hearing, Ms. Ellis refers to the Motion to Set Aside Order of Dismissal as being filed on September 21, 2020. However, the Motion to Set Aside Order of Dismissal was originally fax filed on September 18, 2020, and the original document was filed on September 21, 2020. As the filing of the original document complied with La. R.S. 13:850, the Motion to Set Aside Order of Dismissal is deemed filed on September 18, 2020.

[2] No exhibits were attached to the Motion to Set Aside Order of Dismissal. All the exhibits were attached to the Opposition to Motion to Dismiss. However, both pleadings were filed on the same day, and the trial court relied on those exhibits attached to the Opposition to Motion of Dismiss.

3

the order in the manner provided in Article 1314, and shall execute a return pursuant to Article 1292.

(4) A motion to set aside a dismissal may be made only within thirty days of the date of the sheriff's service of the order of dismissal. If the trial court denies a timely motion to set aside the dismissal, the clerk of court shall give notice of the order of denial pursuant to Article 1913(A) and shall file a certificate pursuant to Article 1913(D).

(5) An appeal of an order of dismissal may be taken only within sixty days of the date of the sheriff's service of the order of dismissal. An appeal of an order of denial may be taken only within sixty days of the date of the clerk's mailing of the order of denial.

***

B. Any formal discovery as authorized by this Code and served on all parties whether or not filed of record, including the taking of a deposition with or without formal notice, shall be deemed to be a step in the prosecution or defense of an action.

Article 561 has been construed as imposing three requirements on a plaintiff to avoid having a case dismissed due to abandonment. *McNealy v. Englade*, 2019-0573 (La. App. 1st Cir. 2/21/20), 298 So. 3d 182, 186. First, the plaintiff must take a "step" towards prosecution of his lawsuit. *Id.* A "step" is defined as taking formal action before the court that is intended to hasten the suit toward judgment. *Id.* Second, the step must be taken in the proceeding and, with the exception of formal discovery, must appear in the record of the suit. *Id.* Third, the step must be taken within the three-year period prescribed by La. C.C.P. art. 561. *Id.* When the parties take no steps in the prosecution or defense of their claims during the period set forth in La. C.C.P. art. 561, "the logical inference is that the party intends to abandon the claim and the law gives effect to this inference." *Id.* (*quoting Clark v. State Farm Mutual Automobile Ins. Co.*, 2000-3010 (La. 5/15/01), 785 So. 2d 779, 786-87).

Whether a step in the prosecution or defense of a case was taken in the trial court within a period of three years is a question of fact subject to a manifest error review on appeal. *Wilkerson v. Buras*, 2013-1328 (La. App. 1st Cir. 8/12/14), 152 So. 3d 969, 974. On the other hand, whether a particular act, if proven, qualifies as a step in furtherance of the action and thereby precludes abandonment is a question

4

of law that we review by simply determining whether the trial court's interpretative decision is correct. *Id. (citing Hinds v. Global International Marine, Inc.,* 2010-1452 (La. App. 1st Cir. 2/11/11), 57 So. 3d 1181, 1183).

## DISCUSSION

### Medical Authorizations

On appeal, Ms. Ellis argues that the trial court erred in denying her Motion to Set Aside Order of Dismissal because she executed medical authorizations, at the request of Hollywood Casino, and submitted them with a July 30, 2015 letter to Hollywood Casino's counsel. The record reflects both the letter with attachments and several emails between both counsel regarding discussions as to the gathering of medicals. Ms. Ellis relies on La. C.C.P. art. 1474(C)(4), which states, "[t]he serving of any discovery materials pursuant to the provisions of this Article shall be considered a step in the prosecution or defense of an action for purposes of Article 561, notwithstanding that such discovery materials are not filed in the record of the proceedings." The issue of whether service of medical authorizations precludes abandonment is a question of law. *See Wilkerson,* 152 So. 3d at 974. The issue of whether Ms. Ellis served those medical authorizations on Hollywood Casino in 2015 is a question of fact, subject to the manifest error standard of review. *See Id.*

Responding to discovery is a step in the prosecution. *See Breaux v. Auto Zone, Inc.,* 2000-1534 (La. App. 1st Cir. 12/15/00), 787 So. 2d 322, 326, *writ denied,* 2001-0172 (La. 3/16/01), 787 So. 2d 316. In *Breaux,* the court held that a letter with attached medical reports sent by plaintiffs' counsel in response to prior interrogatories propounded by defense counsel, seeking copies of all medical reports, interrupted the abandonment period set forth in La. C.C.P. art. 561. *Id.* The court determined that the letter and attached medical records constituted a supplemental response to discovery. *Id.* at 323, 326. In *Fowler v. Mckeever,* 52,754 (La. App. 2nd Cir. 6/26/19), 277 So. 3d 1238, 1242-43, the court specifically held

5

that a letter returning requested medical releases is a supplemental discovery response and, as such, constitutes formal discovery under La. C.C.P. art. 561(B).

While a letter returning medical releases may be considered a step in the prosecution, whether or not filed in the record, it must have been served on all parties. *See Brown v. Kidney & Hypertension Associates, L.L.P.*, 2008-0919 (La. App. 1st Cir. 1/12/09), 5 So. 3d 258, 266; *see also Clark v. City of Hammond*, 2000-0673 (La. App. 1st Cir. 8/10/00), 767 So. 2d 882, 884 (forwarding medical authorizations and requests for medical records to healthcare providers did not interrupt the abandonment period because they were not made part of the record, nor were they served on all parties). This requirement of service is in keeping with the concept of notice, which the supreme court explained is intended to ensure notice to the defendant of actions taken that interrupt abandonment; otherwise, actions interrupting abandonment could occur without opposing parties formally learning of them for months or years, to their possible prejudice. *Paternostro v. Falgoust*, 2003-2214 (La. App. 1st Cir. 9/17/04), 897 So. 2d 19, 23, *writ denied,* 2004-2524 (La. 12/17/04), 888 So. 2d 870 (*citing Clark*, 785 So. 2d at 790). However, if a party has properly mailed a discovery request to another party, the failure to file a certificate of service in the record does not render the service ineffective; such service still constitutes a step in the prosecution and averts a dismissal for abandonment. *Brown*, 5 So. 3d at 266. A letter is sufficient to interrupt the abandonment period even if a plaintiff does not file in the record a certificate of service as required by La. C.C.P. art. 1313 if the record reflects the defendant received such letter or the defendant does not dispute receipt. *See Bias v. Vincent*, 2002-642 (La. App. 3rd Cir. 12/11/02), 832 So. 2d 1153, 1156. However, where there is no evidence in the record that discovery was actually mailed or an admission that the defendant received such discovery, whether or not a step in the prosecution of the case was taken is a question of fact. *See Id.*

6

For the reasons stated above, the medical authorizations sent by Ms. Ellis's counsel, if in response to discovery, are sufficient to interrupt the abandonment period, if those authorizations were served on Hollywood Casino. The letter dated July 30, 2015, with the medical authorizations, became part of the record when they were attached to the Opposition to Motion to Dismiss. The emails contained in the record indicate that in June 2015 and November 2015 Ms. Ellis's counsel was in the process of gathering medical records. There is no contemporaneous mention of Ms. Ellis's having forwarded the medical authorizations any time in 2015. Furthermore, an email dated October 19, 2017, after the abandonment period had passed, indicates that Ms. Ellis's counsel found a mailing with the medical authorizations attached from July 2015. Another email from Ms. Ellis's counsel, later in the morning on October 19, 2017, states, "Honestly, I'm unsure as to when they were sent to us. I know we did have some discovery that we did way back in 2013. I believe we even did a 10.1 conference on it. Then we had the deposition in 2014. Then I saw the releases dated for 2015. Let me know what ya'll find." The record also contains an affidavit from Hollywood Casino's counsel stating that he did not receive the letter or medical authorizations until they were forwarded with the October 19, 2017 email. The trial court found that the exchange of emails seems to indicate that Ms. Ellis's counsel found and forwarded the July 30, 2015 medical authorizations on October 19, 2017, at which time the case was already abandoned.

The mere intention to take a step in the prosecution or defense of a claim without having actually taken such a step is insufficient to interrupt the abandonment period. *Brown*, 5 So. 3d at 265. Whether Ms. Ellis served the medical authorizations on Hollywood Casino is a factual question to be determined by the factfinder. *See Wilkerson*, 152 So. 3d at 974. A reviewing court may not set aside a trial court's finding of fact in the absence of manifest error or unless it is clearly wrong, and where there is conflict in the testimony, inferences of fact should not be disturbed

7

upon review, even though the reviewing court may feel that its own evaluations and inferences are as reasonable. *Hanks v. Entergy Corporation*, 2006-477 (La. 12/18/06), 944 So. 2d 564, 580. In order to reverse a trial court's determination of a fact, a reviewing court must review the record in its entirety, find a reasonable factual basis does not exist for the finding, and then further determine the record establishes the factfinder is clearly wrong or manifestly erroneous. *Id.* An appellate court must determine whether the trial court's conclusions were clearly wrong based on the evidence or clearly without evidentiary support. *Id.* Nevertheless, the issue to be resolved by the reviewing court is not whether the factfinder was right or wrong, but whether the factfinder's conclusion was a reasonable one. *Id.*

If the findings are reasonable in light of the record reviewed in its entirety, an appellate court may not reverse even though convinced that, had it been sitting as the trier of fact, it would have weighed the evidence differently. *Hanks*, 944 So. 2d at 580. Where there are two permissible views of the evidence, the factfinder's choice between them cannot be manifestly erroneous or clearly wrong. *Id.* When findings are based on determinations regarding the credibility of witnesses, the manifest error-clearly wrong standard demands great deference to the trier of fact's findings, for only the factfinder can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener's understanding and belief in what is said. *Id.*

In *Brown*, the plaintiff alleged that he served the defendant with discovery during the pertinent time period, which prevented the case from being abandoned; however, no proof of service of that discovery appeared in the record. In conjunction with his motion for abandonment, defense counsel filed an affidavit into the record stating that he had not received anything "by mail, facsimile or otherwise which might be construed as an action in the prosecution or defense of this case since April 26, 2004." *Brown*, 5 So. 3d at 266. In response to the motion for abandonment filed

8

by defendant in the trial court, plaintiff's counsel filed a copy of a letter on August 29, 2007, which was dated August 15, 2004, containing an attached request for production of documents, which had allegedly been sent to defense counsel. The documents filed in the record contained no certificate of service and were unsigned. Plaintiff's counsel admitted to the court, during oral argument of the matter, "I cannot prove that I mailed it." In light of this admission and the defendant's denial that the August 15, 2004 discovery request was received, the trial court ruled that the plaintiff failed to prove that the discovery request had actually been served on the defendant. The appellate court found no error in the trial court's ruling. *Brown*, 5 So. 3d at 266-67.

The facts in the present case are similar to those in *Brown*. Ms. Ellis relies on a letter and medical authorizations dated July 30, 2015. However, there is no indication in the record that these were served on counsel for Hollywood Casino on July 30, 2015. Instead, counsel for Hollywood Casino denies that he received the July 30, 2015 letter and medical authorizations until he received the October 19, 2017 email attaching them. Furthermore, the emails from Ms. Ellis's counsel dated October 19, 2017, reflect that the letter and medical authorizations had been "found" and that counsel was unsure if they had ever been served on opposing counsel. Therefore, we find no error in the trial court's ruling that Ms. Ellis failed to prove that the July 30, 2015 medical authorizations were actually served on Hollywood Casino and that the case was abandoned as of February 15, 2017. Additionally, any action taken on the part of Ms. Ellis after the abandonment period, such as the filing of the motion to set a status conference, cannot serve to revive an abandoned action. *See Brown*, 5 So. 3d at 265.

**Settlement Negotiations**

Ms. Ellis also asserts that she made numerous requests to settle the case and/or set a mediation date. "Extrajudicial efforts," such as informal settlement

negotiations between the parties, have uniformly been held to be insufficient to constitute a step for purposes of interrupting abandonment. *Clark*, 785 So. 2d at 790; *Burgess, Inc. v. Parish of St. Tammany*, 2017-0153 (La. App. 1st Cir. 10/25/17), 233 So. 3d 58, 68, *writ denied*, 2017-2179 (La. 2/23/18), 237 So. 3d 515. To distinguish such informal actions, the jurisprudence has crafted the requirement of "some formal action before the court." *Clark*, 785 So. 2d at 790 (*quoting DeClouet v. Kansas City Southern Railway Co.*, 176 So. 2d 471, 475 (La. App. 3rd Cir. 1965). *Clark* noted that the purpose of this "formal action" requirement was set forth in *DeClouet* as follows:

> [T]he courts have refused to characterize matters *outside the record* as *steps in the prosecution* of the suit because: (a) of the uncertainty of accepting informal non-legal proceedings as a step preventing abandonment; or (b) of the ex parte, informal nature of the action, without formal notice to the opposing party, as being an insufficient step in the advancement of the suit.

*Clark*, 785 So. 2d at 790 (*quoting DeClouet*, 176 So. 2d 471 at 476 (emphasis supplied)).

This circuit has recognized that informal settlement negotiations, such as those evidenced by the emails in the present case, are not steps in the prosecution. *Burton v. Salsbury's Dodge City, Inc.*, 2012-1999 (La. App. 1st Cir. 6/7/13), 2013 WL 2488936, at *2 (unpublished), *writ denied*, 2013-1629 (La. 10/25/13), 124 So. 3d 1099 (an informal settlement offer made by defendant to settle based on certain concessions on plaintiff's part was not akin to an unconditional offer); *Food Perfect, Inc. v. United Fire & Casualty Co.*, 2012-2492 (La. 1/18/13), 106 So. 3d 107, 108 (court held that at most the parties engaged in informal settlement negotiations when plaintiff met with a representative of defendant to determine if there was any possibility of resolving the case and had several conversations with defendant's representatives following the meeting).

10

Other circuits have also found that informal settlement negotiations are not a step in the prosecution. *See Hercules Offshore, Inc. v. Lafayette Parish School Board, Sales and Use Tax Department*, 2014-701 (La. App. 3rd Cir. 2/11/15), 157 So. 3d 1177, 1181 (correspondence evidencing even extensive settlement negotiations between the parties is deemed insufficient to interrupt abandonment); *Tasch, Inc. v. Horizon Group*, 2008-0635 (La. App. 4th Cir. 1/7/09), 3 So. 3d 562, 564 (settlement negotiations referenced by plaintiff were nothing more than informal correspondence and insufficient to constitute a step in the prosecution of the case); and *In re Succession of Wright*, 37,670 (La. App. 2nd Cir. 9/24/03), 855 So. 2d 926, 929, *writ denied*, 2003-2969 (La. 1/16/04), 864 So. 2d 632 (unlike the *Clark* case, there was nothing binding upon either plaintiff or defendant, only informal discussions; no unconditional tender was made by either plaintiff or defendant).

Courts have also held that even extensive settlement negotiations are not a step in the prosecution recognizing that ongoing negotiations did not prevent any counsel from taking some formal action in or before the trial court to interrupt abandonment. *Chevron Oil Co. v. Traigle*, 436 So. 2d 530, 533 (La. 1983); *Hercules Offshore, Inc.*, 157 So. 3d at 1181.

Furthermore, the emails at issue refer to the attempts by Ms. Ellis's counsel to set the matter for mediation. "[S]imply attempting to schedule" a discovery matter such as a deposition through informal correspondence before a formal notice of deposition is filed or mailed or the deposition actually takes place, is not a step in the prosecution of an action for purposes of interrupting or waiving abandonment. *Jackson v. Moock*, 2008-1111 (La. App. 1st Cir. 12/23/08), 4 So. 3d 840, 845. Ongoing informal discussions and correspondence regarding the scheduling of depositions does not prevent a plaintiff from taking some formal action in or before the trial court to hasten the matter to judgment. *R. L. Hall and Assocs., Inc. v. Brunt Constr., Inc.*, 2015-0192 (La. App. 1st Cir. 11/9/15), 2015 WL 6951252, at *3

11

(unpublished). We find attempts to schedule a mediation no different from attempts to schedule depositions, and therefore, informal correspondence concerning same does not interrupt the abandonment period.

The evidence submitted by Ms. Ellis reflects informal settlement negotiations and the attempt to schedule a mediation. Such "extrajudicial efforts" are insufficient to interrupt the abandonment period. We find the decision of the trial court is legally correct.

## CONCLUSION

For the reasons set forth above, the December 22, 2020 judgment of the trial court denying Sylvia Ellis's motion to set aside order of dismissal is affirmed. All costs of this appeal are assessed to Sylvia Ellis.

**AFFIRMED.**