781 So.2d 893 (2001)
Almedia BENJAMIN-JENKINS
v.
Edwin LAWSON, M.D., Kenneth Combs, M.D. and Christian Health Ministries d/b/a Mercy Baptist Medical Center.
No. 2000-CA-0958.
Court of Appeal of Louisiana, Fourth Circuit.
March 7, 2001.
Rehearing Denied April 30, 2001.
Butch Wilson, Veronica A. Collins, Fine & Associates, PLC, New Orleans, LA, Counsel for Plaintiff/Appellee.
Susan E. Henning, Emmett, Cobb, Waits & Kessenich, New Orleans, LA, Counsel for Defendant/Appellant.
Court composed of Chief Judge BYRNES, Judge PLOTKIN, Judge TOBIAS.
PLOTKIN, Judge.

STATEMENT OF THE CASE
This case arises out of a medical malpractice claim filed by plaintiff, Almedia Benjamin-Jenkins, against Drs. Edwin Lawson and Kenneth Combs and Mercy + Baptist Medical Center, on March 1, *894 1995. The trial found that the judge defendants' Motion to Dismiss on the basis of abandonment was premature and reversed the previous order granting dismissal. The defendants have appealed this decision, asserting one assignment of error. We reverse for the reasons set forth below.

STATEMENT OF FACTS
On March 1, 1995, Almedia Benjamin-Jenkins filed with the Louisiana Patients' Compensation Fund a Request for Review of care provided to her by defendants, Drs. Edwin Lawson and Kenneth Combs and Mercy + Baptist Medical Center. A Medical Review Panel determined that there had been no deviation from the applicable standard of care. Nonetheless, Ms. Jenkins filed suit against the defendants on March 12, 1996. On April 8, 1996, Dr. Lawson and Mercy + Baptist filed answers to the petition. Dr. Combs answered the petition on April 18, 1996. In November 1996, Dr. Combs sent Requests for Authorizations, Production and Inspection of Documents, and Defendant's First Set of Interrogatories to Ms. Jenkins. The discovery requests were unsigned and were not filed into the record. Dr. Lawson and Mercy + Baptist claim that they never received copies of these documents. Ms. Jenkins never responded to the requests.
On April 20, 1999, Dr. Lawson and Mercy + Baptist, after reviewing the court records, filed an ex parte Motion to Dismiss Based on Abandonment pursuant to La. C.C.P. art. 561. The defendants argued that none of the parties had taken any steps in the prosecution or defense of the case for more than three years. Attached to the motion was an affidavit of counsel affirming that no action had been taken in furtherance of the defense or prosecution of the case for more than three years. A deputy clerk of the Civil District Court certified that the latest filing was the Answer filed by Dr. Combs on April 18, 1996. The trial court dismissed the case on April 21, 1999. Ms. Jenkins filed a Motion to Set Aside the Dismissal on June 4, 1999, arguing that the interrogatories served by Dr. Combs in November 1996 constituted a step in the defense of the action, thereby interrupting the three-year abandonment period. The trial court agreed and denied defendants' motion.

ASSIGNMENT OF ERROR
In their assignment of error, Dr. Lawson and Mercy + Baptist allege that the trial court erred in finding that discovery that was not served on all parties constitutes a step in the prosecution or defense of an action sufficient to prevent abandonment pursuant to La. C.C.P. art. 561.
Pursuant to La. C.C.P. art. 561(B), "any formal discovery as authorized by this code and served upon all parties whether or not filed of record ... shall be deemed to be a step in the prosecution or defense of an action." La. C.C.P. art 561 is qualified by La. C.C.P. art. 1474, which provides that the serving of discovery on adverse parties constitutes a step in the prosecution or defense of an action if done in accordance with La. C.C.P. art. 1313, whether or not it is filed in the record. Further, Civil District Court Rules, Parish of Orleans, Rule 9, § 3 expressly states that discovery requests and responses are not required to be filed in the record except in limited circumstances not germane to this appeal. Dr. Lawson and Mercy + Baptist allege that they never received copies of the interrogatories sent to Ms. Jenkins by Dr. Combs. Because we find that the documents mailed to Ms. Jenkins were invalid themselves, and also because they were not mailed to all other parties, we reverse the decision of the trial court on the basis of abandonment.
*895 Abandonment is not a punitive measure-it is designed to discourage frivolous lawsuits by preventing plaintiffs from letting them linger indefinitely. Shulver v. Slocum, 566 So.2d 1089, 1091 (La.App. 2d Cir.1990). Accordingly, unless a party to the action takes a step in the prosecution or defense of the action within three years from the time the last step was taken by either party, the case can be dismissed on the basis of abandonment. A step in the prosecution or defense of an action occurs whenever a party takes a formal action that is intended to hasten the matter to judgment. Chevron Oil Co. v. Traigle, 436 So.2d 530, 532 (La.1983). However, while the law does favor granting an aggrieved party his day in court, for the following reasons we find that the interrogatories sent to Ms. Jenkins by Dr. Combs' counsel failed to constitute a step in the defense of the action.
La. C.C.P. art. 863 requires that "every pleading of a party represented by an attorney shall be signed by at least one attorney of record." Therefore, because the interrogatories mailed to Ms. Jenkins were unsigned by Dr. Combs' counsel, they were null and void, and thus service of these documents on Ms. Jenkins did not constitute a step in the defense of the action. While La. C.C.P. art. 561 is not designed to dismiss actions on mere technicalities, but to dismiss those in fact abandoned, we find that the lack of a signature on discovery pleadings mailed to other parties and not filed in the record renders those pleadings invalid. Therefore, the mailing of the interrogatories to Ms. Jenkins was insufficient to interrupt the abandonment period.
Furthermore, pursuant to La. C.C.P. art. 561, any formal discovery served upon all parties constitutes a step in the prosecution or defense of an action. Pursuant to La. C.C.P. art. 1474, the mailing of discovery pleadings to adverse parties, in accordance with La. C.C.P. art. 1313, satisfies the serving requirement of La. C.C.P. art. 561. However, in order to satisfy La. C.C.P. art. 561, it is necessary that any discovery pleadings be mailed to all the parties to the action. Clark v. City of Hammond, 00-CW-0673 (La.App. 1st Cir.8/10/00), 767 So.2d 882, 884. While Ms. Jenkins may not have intended to abandon her action, the mere intention to take a step in the prosecution or defense of her claim without having actually taken such a step is insufficient to interrupt the abandonment period. Thus, because the interrogatories were not mailed to either Dr. Lawson or Mercy + Baptist, the requirements for interrupting the abandonment period have not been satisfied.
For the aforementioned reasons, we reverse the trial court's denial of defendants' Motion to Dismiss on grounds of abandonment.
REVERSED.