JOAN BERNARD ARMSTRONG, Chief Judge.
I ¡The plaintiff-appellant, Mark F. Bi-beau, appeals a judgment dismissing his suit against the defendant-appellee, Forest Manor Nursing Home, without prejudice on the basis of abandonment under La. C.C.P. art. 561.
The plaintiff filed suit on May 24, 1999 against the defendant-appellee, Forest Manor Nursing Home, along with Heritage Manor Nursing Home and M. McGre-gor Jones Health Care Center. The plaintiff spent time at each of these facilities in succession following a fall from a tree in which he sustained injuries so severe as to result in paralysis. Plaintiff alleges that each of these care facilities successively failed to give him adequate care resulting first in bed sores that became more widespread and worse upon his body.
The appellee, Forest Manor, filed an answer on July 30, 1999 and proceeded with some discovery. Service attempts were made on Heritage Manor Nursing Home (Heritage) through its administrator on November 29, 1999 and citation was also served on M. McGregor Jones Health Care Center (McGregor) through its administrator on June 28, 1999. Unlike Forest Manor, neither of these two other defendants filed an answer. A default was taken against McGregor on January 28, 2000. Apparently the original service on McGregor was not made on a properly | ¡.designated agent for service of process. Consequently, on October 29, 2002, plaintiff enrolled new counsel[1] of record who, on the same day, requested that service upon McGregor be reissued. On June 30, 2004, Forest Manor filed a “Partial Motion and Order to Dismiss for Abandonment” which was granted on June 30, 2004 on the basis that the last action taken by the plaintiff against Forest Manor was taken on December 23, 1999. Forest Manor takes the position that the defendants herein are not solidarily liable and that a step in the prosecution under La. C.C.P. art. 561 against only one defendant is not a step as against any other defendant.
On July 29, 2004, the plaintiff filed a “Motion to Set Aside Ex-Parte Partial Order of Abandonment by Defendant Forest Manor Nursing Home” that was denied by the judgment from which the plaintiff brings this appeal.[2]
The main question before this court is whether a step in the prosecution against one defendant can also be considered under La. C.C.P. art. 561 to be a step in the prosecution against another defendant not solidarily liable with the first defendant. For purposes of answering this question, we will assume for purposes of argument that Forest Manor and McGregor are not solidarily liable.
Pursuant to La. C.C.P. art. 561[3], an action is abandoned when the parties *1125 fail to take any step in its prosecution or defense in the trial court for a period of three |3years. Article 561 requires that plaintiffs show three specific things to interrupt abandonment: (1) a step in the prosecution of their lawsuit; (2) on the record in the trial court; and (3) within the legislatively prescribed time period of the last step taken by either party. Clark v. State Farm Mut. Auto. Ins. Co., 00-3010 (La.5/15/01), 785 So.2d 779. As we stated in Pichon v. Reynolds, 02-0044, 02-0045, p. 2 (La.App. 4 Cir. 7/31/02), 828 So.2d 599, 600, writ denied 02-2856 (La.2/25/03), 841 So.2d 756, the abandonment rule implicates two competing policies. The prevention of protracted litigation, filed for purposes of harassment or without serious intent to hasten the claim to judgment, is balanced against the maintenance of an action whenever possible so as to afford an aggrieved party his day in court. La. C.C.P. art. 561 is to be liberally construed in favor of maintaining a plaintiff’s suit. Clark v. State Farm Mut. Auto. Ins. Co., 00-3010, p. 8 (La.5/15/01), 785 So.2d 779, 785. Abandonment is not a punitive measure — it is designed to discourage frivolous lawsuits by preventing plaintiffs from letting them linger indefinitely. Benjamin-Jenkins v. Lawson, 00-0958 (La.App. 4 Cir. 3/7/01), 781 So.2d 893, 894; Shulver v. Slocum, 566 So.2d 1089 (La.App. 2 Cir.1990). Accordingly, unless a party to the action takes a step in the prosecution or defense of the action within three years from the time the last step was taken by either party, his case can be dismissed on the basis of abandonment. A step in the prosecution or defense of an action occurs whenever a party takes a formal action that is intended to hasten the matter to judgment. Chevron Oil Co. v. Traigle, 436 So.2d 530, 532 (La.1983).
Forest Manor does not contest the fact that plaintiffs request for service of process on McGregor on October 29, 2002, is a step in the prosecution against |4McGregor; but Forest Manor contends that it is not solidarity liable with McGre-gor and, therefore, the request for service on McGregor is not a step in the prosecution of plaintiffs claim against Forest Manor.
While Forest Manor’s position represents the logical extension of principles of solidary liability in general, in the context of abandonment we are bound by the Supreme Court’s decision in James v. Formosa Plastics Corp. of La., 01-2056 (La.4/3/02), 813 So.2d 335, which compels us to conclude that plaintiffs step in the prosecution in the instant ease against McGregor is a step in the prosecution against all defendants, including Forest Manor, regardless of solidary liability:
Cumulation of actions is the joinder of separate actions in the same judicial demand. La. C.C.P. art. 461. Whether or not to cumulate separate actions is a discretionary decision to be made by a plaintiff. Everything on Wheels Subaru, Inc. v. Subaru S., Inc., 616 So.2d 1234, 1238 (La.1993). On the other hand, all actions arising out of the same transaction of occurrence must be brought together or be subject to a plea of res judicata. La. R.S. 13:4231; La. *1126 C.C.P. art. 425; Everything on Wheels Subaru, 616 So.2d at 1238. Several “actions” may therefore be present in the same lawsuit.
In the instant case, plaintiff’s demands for compensatory and exemplary or punitive damages against Formosa were separate from its demand for exemplary or punitive damages against West-Paine. There were multiple actions against these defendants pending in the trial court. In Delta Dev. Co. v. Jurgens, 456 So.2d 145 (La.1984), this court considered the issue of whether serving interrogatories on one defendant interrupted the abandonment period as to the co-defendants when all defendants were before the trial court in a suit to reform various acts of sale in a chain of title originating with lands patented by the State of Louisiana. This court held that the serving of interrogatories on one of the defendants interrupted abandonment as to all defendants, reasoning that when any party takes formal action in the trial court, it interrupts the abandonment period as to all parties. Therefore, in the instant case, it is clear that when all the parties were litigating this suit in the trial court | sprior to that court’s ruling granting West-Paine’s exception of prescription, the abandonment period was interrupted as to all parties when any party took formal action in the trial court. [Emphasis added.]
Id., 01-2056, pp. 5-6, 813 So.2d at 338-340.
In the instant case we find that the plaintiffs efforts to serve the petition naming three separate defendants on one of those defendants, McGregor, constituted a step in the prosecution of the ease as a whole against all defendants.
For the foregoing reasons, the judgment of the trial court is vacated and the case is remanded for further proceedings consistent with this opinion.
VACATED AND REMANDED.

. The enrollment of new counsel is not a step in the prosecution of the case. Varnado v. Gentilly Medical Clinic for Women, 98-0264, p. 2 (La.App. 4 Cir. 12/23/98), 728 So.2d 479, 480-481. Plaintiff does not contest this.

. While the judgment speaks in general terms of dismissing the plaintiff’s claims, it is clear from the context of the record that the judgment was directed only against the plaintiff's claim against Forest Manor and not the other two defendants.

.La. C.C.P. art. 561 provides, in pertinent part, in section A(l) and (2), that:
*1125 (1) An action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years, unless it is a succession.
(2) This provision shall be operative without formal order, but, on ex parte motion of any party or other interested person by affidavit which provides that no step has been taken for a period of three years in the prosecution or defense of the action, the trial court shall enter a formal order of dismissal as of the date of its abandonment. The sheriff shall serve the order in the manner provided in Article 1314, and shall execute a return pursuant to Article 1292.