# Supreme Court of Louisiana

FOR IMMEDIATE NEWS RELEASE                                    NEWS RELEASE #013

FROM: CLERK OF SUPREME COURT OF LOUISIANA

The Opinions handed down on the **17th day of March, 2015**, are as follows:

**PER CURIAM**:

2014-C -1539        BRYON P. GUILLORY, ET UX. v. PELICAN REAL ESTATE, INC., ET AL.
    C/W             (Parish of St. Landry)
2014-C -1593
    C/W             For the reasons assigned, the judgment of the court of appeal is
2014-C-1624         reversed.  The  judgment  of  the  district  court  dismissing
                    plaintiffs' action as abandoned is reinstated.  All costs in this
                    court are assessed against plaintiffs.

SUPREME COURT OF LOUISIANA

NO. 2014-C-1539

CONSOLIDATED WITH

NO. 2014-C-1593

CONSOLIDATED WITH

NO. 2014-C-1624

BRYON P. GUILLORY, ET UX.

VERSUS

PELICAN REAL ESTATE, INC., ET AL.

ON WRIT OF CERTIORARI TO THE COURT OF APPEAL,
THIRD CIRCUIT, PARISH OF ST. LANDRY

PER CURIAM

At issue in these consolidated applications is whether the court of appeal erred in reversing the judgment of the district court which dismissed plaintiffs' suit as abandoned. For the reasons that follow, we conclude the suit is abandoned, and we therefore reverse the judgment of the court of appeal.

**FACTS AND PROCEDURAL HISTORY**

On June 25, 2008, plaintiffs, Byron and Margo Guillory, filed suit against several defendants, including Pelican Real Estate, Inc. ("Pelican") and its professional liability insurer, St. Paul Fire and Marine Ins. Co. ("St. Paul").[1] Essentially, plaintiffs alleged the home they purchased contained a redhibitory defect.

On March 4, 2010, all parties participated in depositions. On December 17,

---

[1] The other defendants were Johnny Jones (the seller of the home); Maria Landry (Mr. Jones's real estate agent); Brandi McKnight (plaintiffs' real estate agent); and Linda Krupke (another real estate agent). All the real estate agents were employed by Pelican.

2012, plaintiffs sent written discovery directed to Pelican, but did not serve the other parties. When Pelican did not timely respond, plaintiffs scheduled a Rule 10.1 discovery conference, sending the notice of the conference to Pelican only.

On January 28, 2013, counsel for plaintiffs and Pelican participated in the Rule 10.1 discovery conference. Plaintiffs thereafter presented Pelican with a written settlement demand, but Pelican did not respond to the demand, and did not reply to the discovery.[2]

On June 20, 2013, St. Paul filed an *ex parte* motion to dismiss plaintiffs' suit as abandoned pursuant to La. Code Civ. P. art. 561. St. Paul alleged the suit was abandoned because no steps were taken in the prosecution or defense of the matter in more than three years since the March 4, 2010 depositions. The district court signed the ex parte judgment of dismissal.

Plaintiffs then filed a motion to vacate/set aside the order of dismissal, arguing the discovery sent to Pelican and the subsequent Rule 10.1 discovery conference with that defendant interrupted the abandonment period. After a hearing, the district court determined that because neither the discovery nor the notice of discovery conference was "served on all parties," these actions did not constitute a step sufficient to interrupt the abandonment period under La. Code Civ. P. art. 561. The district court thus denied plaintiffs' motion to vacate the order of dismissal.

Plaintiffs appealed the dismissal. A five-judge panel of the court of appeal reversed the district court's ruling in a split decision. *Guillory v. Pelican Real Estate, Inc.*, 2014-58 (La. App. 3 Cir. 6/25/14), 143 So. 3d 539. The majority concluded plaintiffs' service of the notice of Rule 10.1 conference and service of

---

[2] Plaintiffs contend defendant requested an extension of time to respond to the discovery, thus lulling plaintiffs into inaction, and also evidencing no intent by defendant to treat the action as abandoned; defendant denies requesting an extension.

written discovery on Pelican constituted a step in the prosecution of their actions against all of the defendants. However, the dissenting judge disagreed, pointing out La. Code Civ. P. art. 561 required service of discovery on all defendants.

Upon defendants' applications, we granted certiorari to review the correctness of that decision. *Guillory v. Pelican Real Estate, Inc.*, 14-1539, 14-1593, 14-1612 (La. 11/7/14), ___ So. 3d ___.

## DISCUSSION

We begin from a well settled and basic premise of statutory construction – "[w]hen a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature." La. Civ. Code art. 9; *Pumphrey v. City of New Orleans*, 05-979, p. 10 (La.4/4/06), 925 So.2d 1202, 1209. It is presumed that every word, sentence, or provision in a law was intended to serve some useful purpose, that some effect is to be given to each such provision, and that no unnecessary words or provisions were employed. *Sultana Corporation v. Jewelers Mutual Insurance Company*, 03-0360, p. 9 (La.12/3/03), 860 So.2d 1112, 1119. As a result, courts are bound, if possible, to give effect to all parts of a statute and to construe no sentence, clause or word as meaningless and surplusage if a construction giving force to, and preserving, all words can legitimately be found. *Watkins v. Exxon Mobil Corp.*, 13-1545, p. 10 (La. 5/7/14), 145 So. 3d 237, 243.

In the case at bar, our focus is on the language of La. Code Civ. P. art. 561(B), which provides:

> B. Any formal discovery as authorized by this Code and **served on all parties** whether or not filed of record, including the taking of a deposition with or without formal notice, shall be deemed to be a step in the

3

prosecution or defense of an action. [emphasis added].

The record of these proceedings indicates that on December 17, 2012, plaintiffs sent discovery to Pelican only. It is undisputed this discovery was not served on all parties. Therefore, under the plain language of La. Code Civ. P. art. 561(B), this discovery does not constitute a step in the prosecution of the action.

Nonetheless, plaintiffs urge us to find they complied with the spirit of the article under the facts of this case. Specifically, they point out that when Pelican failed to comply with discovery, they provoked a Rule 10.1 discovery conference, sending the notice of conference only to Pelican. At the January 28, 2013 conference, counsel for Pelican, who also represented some of the other defendants, participated. Plaintiffs submit this participation represented an implicit waiver of the abandonment defense by defendants.

In *Louisiana Department of Transportation & Development v. Oilfield Heavy Haulers, L.L.C*, 11-912 at p. 10 (La. 12/6/11), 79 So. 3d 978, 984, we held that a letter scheduling a Rule 10.1 conference "serves as a step in the prosecution or defense of an action, as it is an essential component of a motion to compel." However, we made a specific finding that the letter at issue was served on all defendants. *Id.* at p. 10, 79 So. 3d at 985. In contrast, it is undisputed plaintiffs in the instant case sent notice of the Rule 10.1 conference to Pelican only.

We further reject plaintiffs' suggestion that participation in the conference by Pelican's counsel (who also represented some of the other defendants) and discussion of a potential settlement amounted to a waiver of defendants' right to assert the abandonment defense. In *Oilfield Heavy Haulers*, we reaffirmed the long-standing rule that "extrajudicial efforts," such as informal settlement negotiations between parties, have repeatedly been held to be insufficient to constitute a step in the prosecution of the action. *Id.* at 7, 79 So. 3d at 982 (citing

4

*Clark v. State Farm Mut. Auto. Ins. Co.,* 00-3010, p. 16; 785 So. 2d at 790).

Accordingly, we find no statutory or jurisprudential support for plaintiffs' position.[3]

In summary, we hold the December 17, 2012 discovery and subsequent notice of Rule 10.1 conference, both of which were sent to Pelican only, do not constitute a step in the prosecution of this action. Accordingly, the court of appeal erred in reversing the judgment of the district court.

## DECREE

For the reasons assigned, the judgment of the court of appeal is reversed. The judgment of the district court dismissing plaintiffs' action as abandoned is reinstated. All costs in this court are assessed against plaintiffs.

---

[3] The court of appeal relied on our summary disposition in *Louisiana Dept. of Transp. & Develop. v. Bayou Fleet, Inc.*, 10-1215 (La. 7/2/10), 39 So. 3d 585, finding it implicitly held service of discovery on all parties was not required. We disagree with this interpretation, and specifically hold the disposition in Bayou Fleet is limited to the facts of that case.

The court of appeal also sought to apply the Civil Code's provisions for interruption of prescription against solidary obligors, reasoning that interruption of the abandonment period as to one defendant applied to all defendants. While our opinion in *Clark v. State Farm Mutual Automobile Insurance Co.*, 00-3010, p. 11 (La.5/15/01), 785 So.2d 779, 787, suggested there are some parallels between the concept of abandonment and liberative prescription, we find absolutely no authority for engrafting the general rules of prescription into the law of abandonment.

5