Judge Edwin A. Lombard
The Appellant, Brittney Rixner, seeks review of the July 16, 2018 judgment of the district court denying her Motion to Set Aside the Order of Dismissal in favor of the Appellees, Planned Parenthood Gulf Coast, Inc. and Constance Pfingstag. Additionally, Ms. Rixner seeks review of a ruling made by the district court at the June 24, 2018 hearing on the motion at issue, finding that service of the Appellees' Ex Parte Motion to Confirm Abandonment and to Dismiss Action was not required.
After review of the record in light of the applicable law and arguments of the parties, we reverse the July 16, 2018 judgment of the district court denying Ms. Rixner's motion, finding that judgment to be legally incorrect. Moreover, we affirm the district court's June 24, 2018 ruling as to the issue of service. Lastly, we decline to award Ms. Rixner's request for attorney's fees, court costs and other costs on appeal and related to her Motion to Set Aside the Order of Dismissal in the district court.
Facts and Procedural History
This appeal involves a dispute over a medical malpractice suit being deemed abandoned. In January 2015, Ms. Rixner filed a suit against Planned Parenthood Gulf Coast, Inc. and its employees, Constance Pfingstag, Mindy Jordan and Jackelin Lopez, raising claims for medical malpractice, breach of contract and personal injuries arising from the placement of a Mirena IUD and treatment she received related to that procedure. Ms. Rixner avers that the defendants are solidarily liable.
Ms. Rixner requested service on all the defendants on April 1, 2015; however, service was only made on Planned Parenthood and Ms. Pfingstag, who filed answers and affirmative defenses, respectively. During the proceedings, Ms. Rixner avers, Planned Parenthood opened a new location in New Orleans. Counsel for Ms. Rixner later mailed correspondence to the Clerk of Court, dated December 20, 2016, requesting the reissuance of service of the petition on Mses. Jordan and Lopez at the new location. That letter became a part of the record. Nevertheless, the Orleans Parish Sheriff was unable to serve Mses. Jordan and Lopez.
*736 On May 1, 2018, Planned Parenthood and Ms. Pfingstag (hereinafter "the Appellees") filed an Ex Parte Motion to Confirm Abandonment and to Dismiss Action Pursuant to Louisiana Civil Code Article 561 ("motion to confirm abandonment"), asserting that no steps had been taken in the prosecution or defense of the action for three years, specifically since April 29, 2015, when Planned Parenthood filed its Answer and Affirmative Defense. The district court granted the motion to confirm abandonment on the same day. The order was subsequently served on Ms. Rixner on May 4, 2018.
Ms. Rixner later filed an Ex Parte Motion to Set Aside the Order of Dismissal ("motion to set aside dismissal"). Following a hearing on June 29, 2018, the district court denied the motion to set aside dismissal, thereby upholding its May 1, 2018 order of dismissal. This timely appeal followed.
Assignments of Error
The crux of Ms. Rixner's appeal is that the district court erred in granting the Appellees' motion to confirm abandonment and erred in denying her motion to set aside dismissal. We note, however, that Ms. Rixner's motion for devolutive appeal omits mention of the May 1, 2018 order of the district court granting motion to confirm abandonment. Therefore, because her assignment of error related to the May 1, 2018 order of dismissal is not properly before this Court, we pretermit discussion of that assignment of error.
Finding that the district court did err in denying Ms. Rixner's motion to set aside dismissal, we shall explain below why the denial of Ms. Rixner's motion was legally incorrect under Bibeau v. Forest Manor Nursing Home , 05-0181 (La.App. 4 Cir. 8/18/05), 917 So.2d 1123, and Louisiana jurisprudence.
Additionally, Ms. Rixner assigns as error the district court's ruling that the Appellees were not required to send her a service copy of their ex parte motion to confirm abandonment; and seeks an award of attorney's fees, court costs and other costs on appeal and for the legal work associated with her motion to set aside dismissal. We find these assignments of error to be without merit for the reasons discussed below.
Abandonment
Ms. Rixner's primary argument on appeal is that the district court erred in denying her motion to set aside dismissal because her request for reissuance of service on two unserved defendants on December 20, 2016, qualifies as taking a "step" in the prosecution of the instant action within three years under La. Code Civ. Pro. art. 561 and precludes this matter being deemed abandoned as to the Appellees, who had been served. We agree and find that a step in the prosecution of the action that was taken against the unserved defendants serves as a step against all the defendants, thus precluding abandonment as to the Appellees.
The issue of whether a particular act, if proven, precludes abandonment is a question of law that is reviewed by determining whether the district court's interpretative decision is legally correct. Lyons v. Dohman , 07-0053, p. 4 (La.App. 3 Cir. 5/30/07), 958 So.2d 771, 774 [citation omitted]. Moreover, appellate courts review questions of law de novo , determining whether the trial court's ruling was legally correct. In re Edward Wisner Donation, 14-0027, 14-0028, p. 8 (La.App. 4 Cir. 9/18/14), 150 So.3d 391, 396 [citations omitted]. Therefore, we shall apply the de novo standard in reviewing the district court's denial of the motion to set aside dismissal.
*737 Article 561 of the La. Code Civ. Proc. is controlling in this matter, and provides in pertinent part:
A. (1) An action , except as provided in Subparagraph (2) of this Paragraph, is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three year s, unless it is a succession proceeding ...
* * *
(3) This provision shall be operative without formal order, but, on ex parte motion of any party or other interested person by affidavit which provides that no step has been timely taken in the prosecution or defense of the action, the trial court shall enter a formal order of dismissal as of the date of its abandonment. The sheriff shall serve the order in the manner provided in Article 1314, and shall execute a return pursuant to Article 1292.
B. Any formal discovery as authorized by this Code and served on all parties whether or not filed of record, including the taking of a deposition with or without formal notice, shall be deemed to be a step in the prosecution or defense of an action.
Article 561 sets forth three requirements to avoid abandonment: (1) a party must take some step in the prosecution or defense of the action; (2) the step must be taken in the proceeding, and, with the exception of formal discovery, must appear in the record of the suit; and (3) the step must be taken within three years of the last step taken by either party; sufficient action by either plaintiff or defendant will be deemed a step. Louisiana DOTD v. Oilfield Heavy Haulers, L.L.C. , 11-0912, pp. 4-5 (La. 12/6/11), 79 So.3d 978, 981. A "step" encompasses either taking a formal action before the court that is intended to hasten the matter to judgment, or conducting formal discovery, including the taking of a deposition, with or without formal notice. Clark v. State Farm Mut. Auto. Ins. Co., 00-3010, p. 6 (La. 5/15/01), 785 So.2d 779, 784 ; La. Code Civ. Proc. art. 561 (B). Moreover, the step must: be taken in the court where the suit is pending; appear in the record, except for discovery; and must occur within the legislatively prescribed time period. Brown v. Kidney & Hypertension Assocs., L.L.P. , 08-0919, p. 9 (La.App. 1 Cir. 1/12/09), 5 So.3d 258, 266. When any party to a lawsuit takes formal action in the trial court, it is effective as to all parties. Delta Dev. Co. v. Jurgens , 456 So.2d 145, 146 (La. 1984) [citation omitted]. "Any action or step taken in a case to move the case toward judgment should be considered." Brown, 08-0919, p. 8, 5 So.3d at 265.
Abandonment balances two competing policy considerations: the desire to see every litigant have his day in court and not to lose the same by some technical carelessness or unavoidable delay; and the legislative purpose that suits, once filed, should not indefinitely linger, preserving stale claims from the normal extinguishing operation of prescription. D.W. Thomas & Son, Inc. v. Gregory , 50,878, p. 3 (La.App. 2 Cir. 11/23/16), 210 So.3d 825, 827. Abandonment is not a punitive concept; consequently, La. Code Civ. Proc. art. 561 is to be liberally construed in favor of maintaining a plaintiff's suit and abandonment is not meant to dismiss actions on mere technicalities, but to dismiss actions which have clearly been abandoned. Clark, 00-3010, pp. 8-9, 785 So.2d at 785-86 ; Benjamin-Jenkins v. Lawson, 00-0958, p. 3 (La.App. 4 Cir. 3/7/01), 781 So.2d 893, 895.
In denying Ms. Rixner's motion, the district court set forth its reasons on the record, explaining that it examined whether the matter was abandoned specifically *738 as to the served defendants, the Appellees, and that under the facts presented, Ms. Rixner's claims against the Appellee's were abandoned by operation of law. The district court reasoned:
... These are always difficult cases. The statute tends to - just like prescriptive statute, you are supposed to keep cases if you can. The difficulty I have now is that even I am looking - there is a 4th Circuit case Bissett versus Allstate Insurance Company . Although it is not right on point it is instructed [sic] because it talks about if no steps are timely taken [in] the prosecution of the suit as to an unserved defendant, then abandonment is not interrupted as to [that] defendant even if steps are taken by or against a served defendant.
We have the reverse of that. We have no action taken against served defendants[,] but service requested within the three years on another defendant this case tells me that [the defendants'] counsel is correct that it is defendant specific. If you do not serve one defendant within three years and do nothing and you take action against the served defendants, that does not interrupt the unserved defendants. This [sic] reverse has to apply.
You did not take action against the served defendants but you served a defendant who is unrelated to these two defendants. I have to follow that rule as defendant specific and grant the motion at this time - deny your motion, not grant your motion. Deny your motion to set aside the dismissal.
The district court's explanation of and reliance upon Bissett - a First Circuit decision misquoted as a Fourth Circuit decision- is inaccurate and necessitates explanation. The First Circuit's decision in Bissett v. Allstate Insurance Company , 560 So.2d 884, 886 (La.App. 1st Cir. 1990), upheld the abandonment of a case as to an unserved defendant pursuant to La. Code Civ. Proc. art. 561. Adopting the dissent of Judge Melvin Shortess, the Louisiana Supreme Court reversed the First Circuit in Bissett v. Allstate Insurance Company , 567 So.2d 598 (La. 1990).
Judge Shortess explained that two "steps" had occurred that prevented abandonment: a step in the defense of the action occurred when one of the defendants deposed a witness and that deposition was filed into the record; and a step in the prosecution of the action occurred where the unserved defendant herself was served with a motion for deposition and thereafter deposed by the plaintiff. The unserved defendant's deposition was also filed in the record. Judge Shortess concluded, as did the Supreme Court, that those steps were sufficient to interrupt the abandonment period as to the unserved defendant, who was later served. Id. ; see Bissett , 560 So.2d at 887. Based upon the facts of the instant matter, we find Bissett to be inapplicable.
The issue raised in the matter sub judice is not a res nova issue for this Court. In Bibeau v. Forest Manor Nursing Home , 05-0181, p. 3 (La.App. 4 Cir. 8/18/05), 917 So.2d 1123, 1125, we addressed whether a request for reissuance of service of a petition on an unserved defendant under La. Code Civ. Proc. art. 561 can also serve as a step in the prosecution of an action against a served defendant in the same proceeding.
In Bibeau , the plaintiff filed suit against three defendants, who were not solidarily liable. Of the three defendants, only one defendant, Forest Manor Nursing Home ("Forest Manor"), was served and filed an answer. The plaintiff was able to serve a second defendant, M. McGregor Jones Health Care Center ("McGregor"), but later discovered that service had been *739 improperly made on McGregor's designated agent for service of process. Id. , 05-0181, pp. 1-2, 917 So.2d at 1124.
After the plaintiff requested reissuance of service on McGregor, Forest Manor moved to have the case dismissed as abandoned. The district court granted the motion for abandonment because the plaintiff had not taken any steps in the prosecution of the action against Forest Manor in three years. The district court subsequently denied the plaintiff's motion to set aside Forest Manor's order of abandonment. On appeal, this Court relied upon James v. Formosa Plastics Corp. of La. , 01-2056 (La. 4/3/02), 813 So.2d 335, wherein the Louisiana Supreme Court held that "when any party takes formal action in the trial court, it interrupts the abandonment period as to all parties." Id. , 01-2056, p. 5, 813 So.2d at 339. Consequently, we vacated the judgment of the district court and remanded the matter for further proceedings, holding that an effort to serve a defendant with a petition constituted a step in the prosecution of the case as a whole against all defendants. Bibeau , 05-0181, p. 5, 917 So.2d at 1126.
We find this holding to be controlling in the instant matter. Ms. Rixner's request for reissuance of service on December 20, 2016, which is in the record, on two unserved defendants was a timely step in the prosecution against all defendants, especially as they are alleged to be solidarily liable. Thus, the district court should have set aside its determination that this matter was abandoned on May 1, 2018, which is less than three years from December 20, 2016. See La. Code Civ. Proc. art. 561 ; See Brown , supra at 266.
Moreover, the clear and unambiguous wording of art. 561 is that "an action" is abandoned "when the parties fail to take any step in its prosecution or defense in the trial court for a period of three year s."[1] The article does not require that the "step" taken by the plaintiff on the record be specific as to each defendant to preclude abandonment. Citation and service thereof are essential in all civil actions, except summary and executory proceedings. La. Code Civ. Proc. art. 1201. Furthermore, a plaintiff's "request for service upon one defendant" is "an unequivocal expression of plaintiff's intent to continue the litigation." Shulver v. Slocum , 566 So.2d 1089, 1092 (La.App. 2 Cir. 1990) [finding that a plaintiff's letter to the clerk of court requesting service upon a defendant constituted a step in the prosecution of the action that was sufficient to avoid abandonment]. See also Sullivan v. Cabral , 32,454, p. 3 (La.App. 2 Cir. 10/27/99), 745 So.2d 791, 792.
Similarly, we find that Ms. Rixner's request for reissuance of service evidenced her intent to advance the litigation in the instant matter as to all defendants. Louisiana jurisprudence that abandonment is to be liberally construed in favor of preserving lawsuits against abandonment[2] when considered with the requirement set forth in La. Code Civ. Proc. art. 561 that a step must be made in the prosecution of the action, militates toward finding that Ms. Rixner's claims against the Appellees are not abandoned.
Lastly, while we recognize that the Appellees aver that Guillory v. Pelican Real Estate, Inc. , 14-1539, 14-1593, 14-1624, (La. 3/17/15), 165 So.3d 875, is applicable *740 to this matter, we find their reliance upon Guillory to be inapposite. Guillory is factually distinguishable from the instant matter as it involves a discovery issue under La. Code Civ. Proc. art. 561.
In Guillory , plaintiffs alleging their home had redhibitory defects sued numerous defendants, one of whom filed third party demands against a broker, real estate agents, and the broker's professional liability insurer. The district court granted the liability insurer's ex parte motion to dismiss on ground that the plaintiffs' abandoned the lawsuit. However, the Third Circuit, in a split decision, reversed the district court, determining that the matter was not abandoned. Id. , 14-1539, pp. 2-3, 165 So.3d 875, 876-77.
Reversing the Third Circuit, the Louisiana Supreme Court held that discovery the plaintiffs had only served on one defendant did not constitute a step in the prosecution of their action as to another defendant because La. Code Civ. Proc. art. 561(B) specifies that in order for discovery to count as a "step in the prosecution of a suit" it must be served on all parties. Thus, the Supreme Court held that the case was clearly abandoned as to the liability insurer who was not served under art. 561, despite counsel for the defendant insurer participating in a Rule 10.1 conference. Id., 14-1539, pp. 4-5, 165 So.3d at 877-878.
Nonetheless, in the matter sub judice , service of discovery is not an issue and Ms. Rixner's "step in the prosecution" was her request for reissuance of service that appears in the record, which is a recognized step in advancing an action forward. Thus, pursuant to our de novo review and finding that Bibeau is controlling, we hold that the district court's denial of Ms. Rixner's motion to set aside dismissal was legally incorrect and reverse the judgment of the district court denying her motion.
Service of the Motion to Confirm Abandonment
Ms. Rixner's argument that the district court erred in holding that she should have been served with a copy of the ex parte motion to confirm abandonment lacks merit. Article 561 (B) of the La. Code of Civ. Procedure provides in pertinent part:
(3) This provision shall be operative without formal order, but, on ex parte motion of any party or other interested person by affidavit which provides that no step has been timely taken in the prosecution or defense of the action, the trial court shall enter a formal order of dismissal as of the date of its abandonment. The sheriff shall serve the order in the manner provided in Article 1314, and shall execute a return pursuant to Article 1292.
La. Code Civ. Proc. art. 561 does not require service of an ex parte motion for abandonment upon the adverse party. The only service that is required occurs after the motion for abandonment is ruled upon and the opposing party is served with the resulting order of dismissal. Additionally, when an order applied for by written motion is one to which mover is clearly entitled without supporting proof, such as in an abandonment matter, a trial court may grant the order ex parte and without hearing the adverse party. See La. Code Civ. Proc. art. 963.
The First Circuit holding in Wilkerson v. Buras , 13-1328 (La.App. 1 Cir. 8/12/14), 152 So.3d 969, supports this interpretation. The Wilkerson Court reasoned that because abandonment occurs automatically by operation of law, the ex parte motion for abandonment is not required to be served upon opposing counsel, rather only the order of dismissal is to be served upon the adverse party. The First Circuit explained:
*741 Under Article 561, there is no requirement that an ex parte motion for abandonment be served on opposing counsel before the trial court can validly enter a formal order of dismissal. The formal order of dismissal merely recognizes that which has already occurred through operation of law. Article 561(A)(3) provides that either party may file an ex parte motion with the court, including an affidavit stating that no step has been taken in the prosecution or defense of the action for a period of three years and asking the court to declare the matter abandoned. Upon the filing of that motion, the court shall enter a formal order of dismissal as of the date of its abandonment.
Wilkerson , 13-1328, p. 8, 152 So.3d at 976.
We agree with the district court's interpretation of La. Code Civ. Proc. art. 561 that service of the motion to confirm abandonment was not required. This assignment of error is without merit.
Attorney's Fees, Court Costs and Other Costs
Lastly, in her remaining assignment of error, Ms. Rixner asserts that she is due attorney's fees, court costs and other costs on appeal and seeks the same award of fees and costs relating to the motion to set aside dismissal in the district court because of Planned Parenthood's alleged bad faith acts, such as pretending that they did not know unserved defendants Mses. Jordan and Lopez. Based upon our review of the record, we find that this assignment of error lacks merit. Therefore, finding no bad faith upon the part of the Appellees, we decline to award Ms. Rixner attorney's fees, court costs, and other costs relating to this appeal and the motion to set aside dismissal, under La. Code Civ. Proc. art. 2164.
DECREE
For the foregoing reasons, the July 16, 2018 judgment of the district court denying the Motion to Set Aside the Order of Dismissal of Brittney Rixner is reversed and this matter is remanded for further proceedings. The June 29, 2018 rulings of the district court on the issues of service and Ms. Rixner's request for attorney's fees, court costs and other costs, respectively, are affirmed.
REVERSED AND REMANDED IN PART; AFFIRMED IN PART

"When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature." La. Civ. Code art. 9.

See Benjamin-Jenkins v. Lawson, supra at 895; Clark, supra at 785.