| | | |
|---|---|---|
| CHRISTOPHER LEE WILLIAMS | * | NO. 2022-CA-0091 |
| | * | |
| VERSUS | | COURT OF APPEAL |
| | * | |
| CAPITAL ONE, NATIONAL ASSOCIATION, CAPITAL ONE BANK (USA), NATIONAL ASSOCIATION, DANIELLE WILLIAMS, RUDY GORRELL, AND KIMI SEYMOUR | * | FOURTH CIRCUIT |
| | * | STATE OF LOUISIANA |
| | * * * * * * * | |

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2016-09883, DIVISION "N-8"
Honorable Ethel Simms Julien, Judge
* * * * * *
**JAMES F. MCKAY III**
**JUDGE PRO TEMPORE**
* * * * * *

(Court composed of Judge Daniel L. Dysart, Judge Dale N. Atkins, Judge Pro Tempore James F. McKay III)

BRETT M. DUPUY
YVETTE ANNE D'AUNOY
MIDDLEBERG RIDDLE GROUP
909 Poydras Street
Suite 1400
New Orleans, Louisiana 70112
     Counsel for Plaintiff/Appellant

WILLIE M. ZANDERS, SR.
ATTORNEY AT LAW
221 Briarhaven Drive
Baton Rouge, Louisiana 70810
     Counsel for Defendant/Appellee, Rudy Gorrell

ELIZABETH S. HORN
PATRICK JOHNSON, JR.
BRENT C. WYATT
AKERMAN, LLP
909 Poydras Street, Suite 2000
New Orleans, LA 70112
     Counsel for Defendants/Appellees, Capital One, National Association,
     Capital One Bank (USA), National Association, and Danielle Williams

**AFFIRMED**

**AUGUST 31, 2022**

Plaintiff-Appellant, Christopher Lee Williams, appeals the trial court's December 17, 2021 judgment, which denied his motion to set aside order of dismissal. For the reasons that follow, we affirm.

**FACTS AND PROCEDURAL HISTORY**

On October 4, 2016, Plaintiff-Appellant, Christopher Lee Williams ("Plaintiff"), filed suit alleging various causes of action against Defendants-Appellees, Capital One, National Association; Capital One Bank (USA), National Association; Danielle Williams (collectively, the "Capital One Defendants"); Rudy Gorrell ("Gorrell"); and Kimi Seymour ("Seymour") related to a settlement in the amount of $290,601.56 that he received for a personal injury suit.[1]

Gorrell filed his answer to the petition on November 17, 2016. The Capital One Defendants answered the petition and filed cross-claims against Seymour and

---

[1] According to the petition, Seymour, the mother of Plaintiff's minor child, introduced Plaintiff to Danielle Williams, an employee of Capital One, and Plaintiff deposited his personal injury proceeds into two separate Capital One accounts. In November 2013, Plaintiff was incarcerated. At some point, Gorrell was retained to obtain legal services to Plaintiff related to providing child support for his minor child while he was in prison. Plaintiff alleges after being advised by Gorrell he executed two limited powers of attorney in favor of Seymour to withdraw $35,000.00 for child support. Plaintiff further alleges Seymour altered the address associated with the accounts and withdrew all funds from his accounts. Plaintiff's claims are based on breach of contract/improper payment of withdrawals, negligence, vicarious liability, conversion, fraud, and unjust enrichment.

1

Gorrell on November 21, 2016. The record indicates Seymour, who is unrepresented by counsel, did not answer the lawsuit.

On March 12, 2018, the trial court received a request by the Capital One Defendants to reissue citation of its answer and cross-claims to Seymour.

On September 30, 2019, Plaintiff propounded requests for production of documents on the Capital One Defendants. The parties dispute whether all parties/ counsel were served with Plaintiff's discovery request.

On April 19, 2021, the Capital One Defendants filed an *ex parte* motion to dismiss as abandoned under La. C.C.P. art. 561. The motion claimed that the last step in the prosecution or defense in this case occurred when the Capital One Defendants requested that the Clerk of Court reissue service. It further claimed that while discovery was propounded by Plaintiff on September 30, 2019, it was not propounded on Seymour and because the discovery was not served on all parties, the discovery request did not interrupt abandonment.

On April 22, 2021, Plaintiff filed an opposition to the motion to dismiss as abandoned. The trial court granted the Capital One Defendants' motion and dismissed the matter as abandoned on May 5, 2021.

On June 7, 2021, Plaintiff filed a motion to set aside order of dismissal for abandonment, claiming that he served formal discovery on all the parties to the suit on September 30, 2019, which interrupted the three-year abandonment period.

The Capital One Defendants filed an opposition to the motion to set aside on October 28, 2021. Gorrell also filed an opposition on November 4, 2021.

The motion to set aside order of dismissal for abandonment came for hearing before the trial court on November 5, 2021.

At the hearing, Plaintiff introduced the following exhibits into evidence: 1) requests for production of documents propounded on the Capital One Defendants on September 30, 2019, which contained the certificate of service signed by Yvette D'Aunoy ("D'Aunoy"), Plaintiff's former attorney; 2) correspondence to Seymour, dated September 30, 2019, showing that it was mailed to 4564 Marquee Drive; 3) an affidavit of D'Aunoy, wherein she attested that she propounded discovery and served all parties pursuant to La. C.C.P. art. 1313; 4) Gorrell's unopposed motion for extension of time to answer cross-claim filed March 17, 2017; and 5) correspondence, dated December 6, 2019, from Elizabeth Horn, the Capital One Defendants' attorney, to D'Aunoy stating that the Capital One Defendants' responses to the requests for production of documents were enclosed. Additionally, at the hearing, Gorrell's attorney, Willie Zanders ("Zanders"), asserted that he did not receive the discovery requests propounded on September 30, 2019.

After taking the matter under advisement, on December 17, 2021, the trial court executed a judgment denying the motion to set aside the order of dismissal. The same date, the trial court issued reasons for judgment, which stated in pertinent part:

> [T]he court denies Plaintiff's Motion to Set Aside The Order Of Dismissal For Abandonment finding that Plaintiff's evidence is insufficient for the court to find that there was extrajudicial activity which interrupted abandonment. Specifically, other than the Certificate Of Service on the requests and her own Affidavit, Ms. D'Aunoy has no proof that she sent the requests to counsel for Mr. Gorrell, Mr. Zanders. And, Mr. Zanders adamantly denies he ever received the requests.[2]

---

[2] The reasons for judgment refer to the evidence before the trial court. It specifically references Plaintiff's exhibit 4 as an "e-mail dated November 14, 2019 from Angie Christina, Counsel for the Capital One Defendants to Ms. D'Aunoy thanking Ms. D'Aunoy for granting Defendants additional time to respond to the discovery request[]." However, this correspondence was not listed on the exhibit list in the record. Moreover, there is no exhibit labeled number 4. The exhibits offered at the hearing are entitled 1, 2, 3, 7, and F.

This appeal follows.

**DISCUSSION**

Plaintiff argues on appeal that the trial court erred in denying the motion to set aside based on the claim of Gorrell's attorney, Zanders, that he never received the discovery requests. Plaintiff notes that La. C.C.P art 1313 states that service of a pleading by mailing a copy to counsel of record/adverse party is complete upon mailing and that he complied with this article. Plaintiff thus claims that the uncontroverted evidence shows that he served the discovery requests on all parties to the litigation and thus never abandoned the case.

*Standard of Review and Legal Principles*

This Court in *R.L. Lucien Tile Co. v. Solid Rock Co.*, 2016-0690, pp. 5-6 (La. App. 4 Cir. 3/29/17), 215 So.3d 710, 713-14, outlined the standard on determining whether a suit is abandoned, as follows:

> The question of whether a suit was abandoned is a legal question. *See Olavarrieta v. St. Pierre*, [20]04-1566, p. 3 (La. App. 4 Cir. 5/11/05), 902 So.2d 566, 568. Thus, the standard of review by an appellate court "in reviewing a question of law is simply whether the lower court's interpretive decision is correct." *Id.,* citing *Faust v. Greater Lakeside [Corp.]*, [20]03-0808, p. 3 (La. App. 4 Cir. 11/26/03), 861 So.2d 716, 718. However, the question of whether or not a step in the prosecution of a case has been taken in the trial court fora period of three years is a question of fact subject to manifest error analysis on appeal. [*See*] *Hutchison v. Seariver [Mar.], Inc.*, [20]09-0410, p. 4 (La. App. 1 Cir. 9/11/09), 22 So.3d 989, 992 citing *Brown v. Kidney [&] Hypertension [Assocs.], L.L.P.*, [20]08-0919, p. 7 (La. App. 1 Cir. 1/12/09), 5 So.3d 258, 264. Under the manifest error standard of review, in order to reverse a fact finder's determination of fact, an appellate court must review the record in its entirety and (1) find that a reasonable factual basis does not exist for the finding, and (2) further determine that the record establishes that the fact finder is clearly wrong or manifestly erroneous. *Salvant v. State*, [20]05-2126, p. 5 (La. 7/6/06), 935 So.2d 646, 650.

Here, at issue is whether the discovery propounded by Plaintiff constituted a step in the prosecution of the case sufficient to interrupt the abandonment period and thus a manifest error standard of review applies.

La. C.C.P. art. 561 provides for abandonment of a lawsuit, and states in relevant part:

> A. (1) An action … is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years[.]
>
> . . . .
>
> B. *Any formal discovery as authorized by this Code and* <u>*served on all parties*</u> *whether or not filed of record*, including the taking of a deposition with or without formal notice, *shall be deemed to be a step in the prosecution or defense of an action*.

(emphasis added).

The Louisiana Supreme Court has held that La. C.C.P. art. 561 imposes three requirements on plaintiffs to avoid abandonment: "(1) a party must take some 'step' in the prosecution or defense of the action; (2) the step must be taken in the proceeding and, with the exception of formal discovery, must appear in the record of the suit; and (3) the step must be taken within three years of the last step taken by either party; sufficient action by either plaintiff or defendant will be deemed a step." [*La.*] *Dep't of Transp. & Dev. v. Oilfield Heavy Haulers, L.L.C.*, 2011-0912, pp. 4-5 (La. 12/6/11), 79 So.3d 978, 981 (*Clark v. State Farm Mut. Auto. Ins. Co.*, 2000-3010, pp. 5-6 (La. 5/15/01), 785 So.2d 779, 784)

The principle of abandonment is not a punitive concept; rather it is a concept which balances two policy considerations: "(1) the desire to see every litigant have his day in court and not to lose same by some technical carelessness or unavoidable delay, and (2) the legislative purpose that suits, once filed, should not

5

indefinitely linger, preserving stale claims from the normal extinguishing operation of prescription." *Juengain v. Tervalon*, 2017-0155, p. 6 (La. App. 4 Cir. 7/26/17), 223 So.3d 1174, 1179-80 (*quoting Nationstar Mortgage, LLC v. Harris*, 2013-1335, p. 9 (La. App. 4 Cir. 5/14/14), 141 So.3d 829, 836).

La. C.C.P. art. 1474(A) addresses the service of discovery materials and states that discovery requests "may be served as provided in Article 1313." Further, La. C.C.P. art. 1474(C)(4) provides that "[t]he serving of any discovery materials pursuant to the provisions of this Article shall be considered a step in the prosecution or defense of an action for purposes of Article 561, notwithstanding that such discovery materials are not filed in the record of the proceedings."[3]

La. C.C.P. art. 1313(A)(1) provides every pleading subsequent to the original petition may be served by "[m]ailing a copy thereof to the counsel of record, or if there is no counsel of record, to the adverse party at his last known address, this service being complete upon mailing."

---

[3] La. C.C.P. art. 1474 states, in relevant part:

> A. Except as otherwise provided by Article 1430, all of the objections, notices, requests, affidavits, interrogatories, and answers to interrogatories, required by any Article in this Chapter to be in writing and served on an adverse party, may be served as provided in Article 1313.
>
> B. Interrogatories and the answers thereto, requests for production or inspection, and requests for admissions and the responses thereto authorized by Article 1421 shall be served upon other counsel or parties, but shall not be filed in the record of the proceedings, unless filing is required under the provisions of Paragraph C of this Article or unless ordered to be filed by the court. The failure or lack of filing such items shall not affect the use or admissibility at trial or by the court if otherwise authorized or provided by law. The party responsible for service of the discovery materials shall retain the original and become the custodian of such materials.
>
> . . . .
>
> [C.] (4) The serving of any discovery materials pursuant to the provisions of this Article shall be considered a step in the prosecution or defense of an action for purposes of Article 561, notwithstanding that such discovery materials are not filed in the record of the proceedings.

6

Plaintiff claims that because La. C.C.P. art. 1313 provides that service is complete upon mailing, it is immaterial that Gorrell's attorney, Zanders, did not receive the discovery. Plaintiff contends that the evidence shows he served all parties with the requests for production of documents and thus the three-year abandonment period was interrupted and the suit was not abandoned. Capital One Defendants and Gorrell, on the other hand, argue that Plaintiff has not established the suit was interrupted because the evidence fails to show that Gorrell was served with the discovery.

As noted above, the record shows that at the hearing, Plaintiff offered several exhibits into evidence, including the requests for production of documents propounded on the Capital One Defendants on September 30, 2019 and D'Aunoy's affidavit.

The certificate of service attached to the requests for production of document and signed by D'Aunoy provided:

> I hereby certify that I have on September 30, 2019, served a copy of the foregoing on all counsel for all parties, via email, facsimile and/or mailing same by United States Mail, properly addressed, and first class postage prepaid.

In her affidavit, D'Aunoy attested that she was Plaintiff's attorney and that on "September 30, 2019, [she] propounded Requests for Production on defendants, Capital One, National Association and Capital One Bank(USA), National Association, and served on all parties in accordance with L[a].[]C.C.P. art 1313."

Plaintiff relies on *Padua v. Gray*, 2008-0582 (La. 5/16/08), 980 So.2d 699 to support his argument. In *Padua*, the Louisiana Supreme Court granted writs and reversed the Fourth Circuit, which had found that the plaintiff's act in mailing a deposition notice to opposing counsel–that was neither received by the attorney nor

7

filed with the court–did not constitute a "step" in the prosecution so as to preclude dismissal of the lawsuit based on abandonment. *See Padua v. Gray*, 2007-0824, pp. 6-7 (La. App. 4 Cir. 1/16/08), 975 So.2d 138, 141, *writ granted, rev'd*, 2008-0582 (La. 5/16/08), 980 So.2d 699. The Louisiana Supreme Court, however, found because the plaintiff submitted proof that the "notice of deposition was placed in the mail to defense counsel prior to the expiration of the abandonment period" and because the service of the discovery notice was complete upon mailing, this constituted a step and precluded a finding of abandonment. *Padua*, 2008-0582, p. 1, 980 So.2d at 699.

In the present case, however, unlike in *Padua*, there was no proof that the discovery was mailed to all parties to establish that service was completed pursuant to La. C.C.P. art. 1313(A). *Paudua*'s holding is therefore distinguishable.

The certificate of service Plaintiff introduced into evidence does not explicitly state that the discovery was mailed to all parties, instead it states it was served "on all counsel for all parties, via email, facsimile *and/or* mailing." (Emphasis added). The certificate of service thus uses generic language providing interchangeable alternatives that could fit a number of situations. Furthermore, as noted by the Capital One Defendants in their brief, the certificate of service was not authenticated at the hearing and the Louisiana Supreme Court found in *Dunn v. City of Kenner*, 2009-1108 (La. 9/18/09), 17 So.3d 400, that a copy of a certificate of service attached to a discovery request that is not properly authenticated or supported by testimony is not adequate proof that service of discovery was made on all parties for purposes of interrupting abandonment under La. C.C.P. art. 561.[4]

_____

[4] The *Dunn* Court stated:

Additionally, although D'Aunoy's affidavit states that service was made in accordance with La. C.C.P. art. 1313, it fails to state the means in which the service was effected. Also, while the evidence shows that the Capital One Defendants were served and Plaintiff offered correspondence and an affidavit indicating that Seymour was served at her last known address, Plaintiff did not provide similar evidence regarding service upon Gorrell's attorney, Zanders. Thus, there is no explicit evidence demonstrating that Zanders was mailed the discovery or was otherwise served.[5] Accordingly Plaintiff did not establish that he served discovery on all parties to the litigation such that the abandonment period was interrupted.

> Writ granted. The court of appeal erred in reversing the trial court's decision to grant the defense rule for abandonment without concluding that the factual findings were manifestly erroneous. In reaching this decision, the court of appeal relied upon a photocopy of a certificate of service attached to a discovery request which was allegedly served upon the defense by the plaintiffs. The record does not establish that this document was properly introduced into evidence. In addition, it was not otherwise authenticated or supported by testimony. Under these circumstances, a certificate of service attached to a discovery request is not adequate proof that it was served on the opposing party. This is especially true in this case where there was an admission that no extrinsic evidence establishing service is available. Accordingly, the decision of the court of appeal is reversed. We find no factual or legal error with the trial court's judgment which is hereby reinstated.

*See also Lewis v. Dig. Cable & Commc'ns N.,* 2015-345 (La. App. 5 Cir. 11/19/15), 179 So.3d 840, 845 (finding no manifest error in the trial court's conclusion that the plaintiff's failed to properly authenticate certificate of service attached to notice of deposition of the plaintiff's treating physician as proof as it was served for purposes of interrupting abandonment and in determining that the case was abandoned, even though the plaintiff's attorney testified that he recalled going to post office three years earlier and mailing notices to the treating physician and the defendant-employer's agent for service where the copy of notice was addressed only to the physician and did not reference the defendant-employer or its agent for service, and certificate did not specify who was served with notice or by what means it was served).

[5] While Plaintiff emphasizes the trial court's reasons for judgment, wherein it noted that Zanders insisted that he did not receive the September 30, 2019 discovery, it is well established that the trial court's written reasons "form no part of the judgment and that appeals are taken from judgments, not reasons for judgment." *See Wooley v. Lucksinger*, 2009-0571, 2009-0584, 2009-0585, 2009-0586, p. 77 (La. 4/1/11), 61 So.3d 507, 572 (quoting *Bellard v. Am. Cent. Ins. Co.*, 2007–1335 p. 25 (La.4/18/08), 980 So.2d 654, 671). As noted herein, Plaintiff is correct in that under La. C.C.P. art. 1313(A) service is complete upon mailing of discovery, not receipt. Nevertheless, Plaintiff's evidence fails to demonstrate that the discovery was in fact mailed to all parties.

9

In *Guillory v. Pelican Real Estate, Inc.*, 2014-1539, 2014-1593, 2014-1624, p. 5 (La. 3/17/15), 165 So.3d 875, 878, cited by both the Capital One Defendants and Gorrell, the Louisiana Supreme Court held that discovery served on one party only did not constitute a step sufficient to interrupt the abandonment period. The *Guillory* Court stated, in part:

> The record of these proceedings indicates that on December 17, 2012, plaintiffs sent discovery to Pelican only. It is undisputed this discovery was not served on all parties. Therefore, under the plain language of La. [C.C.]P. art. 561(B), this discovery does not constitute a step in the prosecution of the action.

2014-1539, 2014-1593, 2014-1624, p. 4, 165 So.3d at 877;[6] *see also Benjamin-Jenkins v. Lawson*, 2000-0958, p. 4 (La. App. 4 Cir. 3/7/01), 781 So.2d 893, 895 (holding that interrogatories that were not mailed to all the parties in the suit did not constitute a step in the prosecution or defense of an action sufficient to prevent abandonment).[7]

Similarly, here, Plaintiff's evidence does not show that the requests for production of documents were served on all parties. As such, the trial court was not

---

[6] The *Guillory* Court also found that the notice of a Rule 10.1 conference, sent to one party only, was not a step in the prosecution of the action. 2014-1539, 2014-1593, 2014-1624 p. 5, 165 So.3d at 878.

[7] The Fourth Circuit stated, in part:

> Pursuant to La. C.C.P. art. 1474, the mailing of discovery pleadings to adverse parties, in accordance with La. C.C.P. art. 1313, satisfies the serving requirement of La. C.C.P. art. 561. However, in order to satisfy La. C.C.P. art. 561, it is necessary that any discovery pleadings be mailed to all the parties to the action. *Clark v. City of Hammond,* [20]00-[]0673 (La. App. 1[] Cir.[]8/10/00), 767 So.2d 882, 884. While Ms. Jenkins may not have intended to abandon her action, the mere intention to take a step in the prosecution or defense of her claim without having actually taken such a step is insufficient to interrupt the abandonment period. Thus, because the interrogatories were not mailed to either Dr. Lawson or Mercy+Baptist, the requirements for interrupting the abandonment period have not been satisfied.

*Benjamin-Jenkins*, 2000-0958, p. 4, 781 So.2d at 895. The Court also noted that interrogatories were unsigned and thus null and void. *Id.*

manifestly erroneous in finding that Plaintiff failed to a take step in the prosecution of the case under La. C.C.P. art. 561(B) and concluding the case was abandoned. Accordingly, we find that the trial court properly denied Plaintiff's motion to set aside order of dismissal.

**CONCLUSION**

For the foregoing reasons, we affirm the trial court's judgment denying Plaintiff's motion to set aside order of dismissal.

**AFFIRMED**

11